## J. M. TEDFORD ET AL. v. THE STATE OF MISSISSIPPI.

BAIL BOND. *Arrest on another charge. Effect thereof.*
    The obligation of sureties upon a bail bond is not affected by the subsequent arrest of their principal upon another charge, there being no actual custody to prevent his appearance as required by the bond.

FROM the circuit court of Lincoln county.

HON. J. B. CHRISMAN, Judge.

To a *scire facias* on a forfeited bail bond, appellants, the sureties, pleaded that after its execution and before its forfeiture the grand jury returned in the circuit court of the same county other indictments against their principal, under which he had been arrested and taken into custody. It was not averred that the accused was still in custody.

The circuit court sustained a demurrer to this plea, and judgment final having been rendered against the sureties, they have prosecuted this appeal, and assign for error the action of the court in sustaining the demurrer.

*H. Cassedy*, for appellants.

The theory of the law is, that the party for whom the surety becomes bail has the custody of the principal.

Any act of God or the law that deprives him of such custody, or creates even a temporary inability to control and surrender him, ought to, and generally does, work a discharge from the obligation of the bond.

His condition had, by operation of the law, become so changed from what it was at the time appellants became bail for him as to put it out of their power to surrender him, unless they first rescued him from lawful custody. Had they done so, they would have

incurred criminal liability. He was already in the custody of the sheriff when the forfeiture was taken. The judgment holding the plea insufficient, in effect, declares that the law required the surety, before he could avoid liability on his bond, to himself violate it by taking the principal away from the sheriff. 1 Tidd's Practice, 293; *Steelman* v. *Mattix*, 9 Vroom. 247; *Belding* v. *The State*, 25 Ark. 315; *Smith* v. *Ketchings*, 51 Ga. 159; *Taylor* v. *Taintor*, 16 Wall. 366.

*T. M. Miller*, attorney-general, for the state.

By sec. 3040 of the code, it is provided that all bonds or recognizances for the appearance of a party shall have the effect to bind the accused and his sureties on said bonds or recognizances until the principal shall be discharged by due course of law, and shall stand in full force from term to term.

This statute would be nullified if the defendant could procure himself to be arrested for some trifle, give a trivial bond and depart, or if he should escape from custody. It is true that the bail are entitled to the custody of the accused, but they can only discharge themselves from liability by a surrender of their principal to the sheriff.

The state assumes no obligation not to make a subsequent arrest. The sureties are fully advised that their principal may be taken into custody for any subsequent offense, and that he may be enlarged upon making another bond. If they wish to prevent this, they may surrender the principal. See *Smith* v. *Barker*, 6 Watts, 508.

When bail is given, the state's only undertaking is not to deprive the bail of the custody of their principal, so far as a particular offense is concerned. *Wheeler* v. *The State*, 38 Tex. 173; Hurd on Habeas Corpus, 69.

When the accused is let out of custody on the second charge, it is his duty to appear to answer the first, and it is the duty of the sureties to produce him, and nothing stands in the way of either. *Brown* v. *The People*, 26 Ill. 28; *Mix* v. *The People*, Ib. 32.

The cases cited by appellant's counsel do not sustain the position contended for by him.

COOPER, J., delivered the opinion of the court.

The appellants were not released from the obligation as sureties on the bail bond of their principal by reason of his subsequent arrest on another charge.

The plea does not aver that the principal was in custody under such subsequent arrest at the time at which the appellants had become sureties for his appearance. The facts pleaded may be true, and yet it may be that the principal had been released in time to appear for trial of the offense to answer which appellants were his sureties. The contention that the subsequent arrest for another offense operated *ipso facto* to release the prior bond to appear is wholly fanciful, and springs from the assumption that the state by accepting the bond on which the sureties were bound delivered the accused to the manual possession of the sureties, and impliedly agreed not to disturb that possession for any cause except on condition of releasing them from their obligation as sureties.

*Judgment affirmed.*