*McGehee, C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.

HALL *v.* STATE

No. 40615          November 4, 1957          97 So 2d 649

*Colin Stockdale,* Jackson, for appellant.

*G. Garland Lyell, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

GILLESPIE, J.

One Dearman was indicted at the August 1954 term of court for desertion of minor children, and he was arrested on warrant on August 17, 1954. On August 18, 1954, Dearman was released on a bail bond signed by appellant, R. B. Hall, Sr., and another, as sureties.

At the January 1955 term of court, Dearman was called and came not and judgment nisi was entered against appellant, R. B. Hall, Sr., and the other surety on Dearman's bail bond. Scire facias was served on appellant to appear on the third Monday of August, 1955, to show cause why the judgment nisi should not be made final. Appellant answered and moved to set aside the judgment nisi, and the answer and motion raised the issues later herein discussed.

The issues were tried by the judge without a jury, as agreed upon by appellant and the State, resulting in a final judgment against appellant and the other surety. Hall appeals.

■ ■ Appellant's first assignment of error raises the question whether the finding of the lower court that appellant signed the bail bond was against the overwhelming weight of the evidence. Appellant denied that he signed the bond, but there was ample proof that he did. The conflict in the evidence was for the trier of facts. Recital of the evidence would serve no good purpose.

The second assignment of error raises the question whether the bondsmen were released from liability because the court, at the instance of Dearman's attorney, who suggested that Dearman was insane, ordered Dearman committed to Mississippi State Hospital for examination to determine whether he was sane.

On August 25, 1954, Dearman, the indictee and principal obligor on the bail bond in question, through his attorney, filed a motion for a continuance and a suggestion that Dearman was insane. The suggestion of insanity was in the form of a motion that physicians be appointed to determine if Dearman was insane or whether he was sufficiently sane to be subjected to arraignment and trial. Thereupon, the court committed Dearman to the Mississippi State Hospital for examination for the purpose of determining whether he was sane. The order added:

"It is further ORDERED that a certified copy of this order be the sheriff's warrant and authority for committment and for said institution's acceptance and examination, treatment, and determination of said defendant."

Pursuant to the court's order, the sheriff carried Dearman to the Mississippi State Hospital. It appears that Dearman was found to be sane and was released by the

Mississippi State Hospital. He failed to appear at the January term of court and it was then that the judgment nisi was entered against the sureties on his bail bond.

While no Mississippi case is cited by appellant, he relies on the general rule stated in 6 Am. Jur., Bail and Recognizance, Sec. 183, p. 137, and 8 C. J. S., Bail, Sec. 77(b), p. 150. The general rule is that where one accused of crime, after having given a recognizance or bail bond and before default or forfeiture, is rearrested and imprisoned in the same offense in pursuance of proper authority, or upon his appearance, is ordered and taken into custody of the sheriff, such arrest or taking into custody operates as a discharge of the sureties.

The obligation of the sureties in this case required them to produce Dearman at the next term of court, and "there to remain from day to day and term to term until discharged in due course of law." Appellant's contention has no merit. Dearman was not rearrested for the same or any other crime. What was done by the sheriff in taking Dearman to the Mississippi State Hospital was at Dearman's request, through his attorney, to determine whether Dearman was insane. There was no rearrest in the sense contemplated by the general rule relied upon by appellant, and there was no interference with the custody of the sureties such as the law could regard as an excuse for the failure of Dearman to appear at the next term of court. Cf. Tedford v. State, 67 Miss. 363, 7 So. 352.

Affirmed.

*Roberds, P. J.*, and *Kyle, Arrington* and *Ethridge, JJ.*, concur.