# Hammons *et al. v.* The State, use, &c.

## *Forfeiture of Bail.*

1. *Allowance of bail was not a right at common law.*—Admission to bail at common law was not a matter of right, but rested in a sound judicial discretion, and its allowance was the exercise of judicial power. In this State it has been controlled by constitutional and statutory provisions.

2. *In cases of misdemeanor, bail is matter of right.*—On an indictment for a misdemeanor, bail is a matter of right, and on the sheriff in whose custody the defendant may be, is devolved the duty unconditionally of discharging him on sufficient bail. On an indictment for a felony if the defendant does not give bail in open court, it must make an order and cause the same to be entered of record, fixing the amount of bail required. This the sheriff may take in vacation and discharge the defendant.

3. *Bail taken on Sunday is valid.*—An undertaking of bail entered into on Sunday, during vacation, is sanctioned by the law and is perfectly valid.

4. *The liability of bail is not under absolute control of the court.*—The statute does not clothe the court with an absolute power of discharging or fixing the liability of bail; nor does it confer the power to determine questions of fact without the intervention of a jury, on which the validity of the undertaking or the liability may depend.

5. *The court can determine the sufficiency of the excuse for a default.* The power of the court is to determine the sufficiency of the excuse for the default of the principal at a former term. If the excuse be adjudged sufficient, the conditional judgment must be set aside without costs. This power is intended to be exercised only when the principal appears, submits to the orders of the court, and can be held to answer the indictment.

6. *Parties may sign an undertaking of bail with their initials or mark.* Parties to such an undertaking may employ initials, a mark or any other designation, and will be bound as if they had written their names in full, if such was their intention.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN K. HENRY.

The defendants, George P. Hammons, W. W. Hammons, R. F. Hammons, S. L. Lowery, William Owens, and James C. Garrett, on the 10th of July, 1869, entered into an undertaking of bail, conditioned for the appearance of George P. Hammons at the next term of the Circuit Court of Escambia county, to answer the charge of murder. The said Hammons failed to appear. At the fall term, 1875, of the Circuit Court of Escambia county, the State of Alabama, for the use of Monroe county, instituted a suit against the

[Hammons v. The State.]

said defendants on the undertaking of bail, which was in these words:

"The State of Alabama, Monroe county. We, George P. Hammons, W. W. Hammons, R. F. Hammons, S. L. Lowery, William Owens, and James C. Garrett, agree to pay the State of Alabama two thousand five hundred dollars, unless the said George P. Hammons appear at the next term of the Circuit Court of Escambia, and from term to term thereafter, until discharged by law, to answer the offence of murder.

"G. P. HAMMONS,

"W. W. HAMMONS,

"R. F. HAMMONS,

his

"S. L. ⋈ LOWERY,

mark

his

"WILLIAM ⋈ OWENS,

mark

"JAMES C. GARRETT.

"Approved, July 10, 1869.

"J. A. SIMMONS, Sheriff."

To the complaint which was filed in the case, the defendants pleaded the general issue, and a number of special pleas. These pleas were: 1. That the instrument sued on was executed on Sunday; 2. That the bond was "executed and delivered on Sunday, and was not a contract for the advancement of religion, or for the performance of some work of charity, or in a case of necessity, and is invalid and void." The defendants Lowery and Owens each pleaded that the "said instrument was not signed or subscribed by them, or either of them, except by each making his mark, and that neither of their marks was attested by a subscribing witness who writes his own name as witness; and that the said instrument was not signed or subscribed by their writing their names thereto." To all of these pleas except the general issue, the plaintiff demurred, and the court sustained the demurrer.

The defendants then pleaded that upon the failure of the said George P. Hammons to appear according to the condition of the bond, a judgment *nisi* had been rendered against the said defendants; and that a writ of *scire facias* had been issued and executed upon them. At the return term of the said writ, they had pleaded that the recognizance was void, because it had been entered into on Sunday; and that the said recognizance, which is the foundation of the said judg-

ment, was executed, accepted, and the sufficiency of the sure-ties determined by the approving officer, and the said George P. Hammons was released from the prison on Sunday; and that at a subsequent term of the court the said conditional judgment was set aside and vacated.

To this plea the plaintiff demurred, and the court sustained the demurrer.

On the trial, the plaintiff offered in evidence the bond or undertaking of bail which is above set out. The defendants objected to its introduction, but the court overruled the objection, and the defendants excepted.

The defendants then offered to introduce L. W. Posey and Charles Hammons, " to prove that said bond offered in evidence was executed, delivered, accepted, and approved by the sheriff of Monroe county, on Sunday, at the instance of the said sheriff, and that the prisoner was then, on Sunday, discharged." The plaintiff objected to this evidence; the court sustained the objection, and the defendants excepted. " The court, at the request of the plaintiff, charged the jury that if they believed the evidence, they must find for the plaintiff," and the defendants excepted.

GAMBLE & BOLLING, and J. W. POSEY, for appellants. 1. The first question to be determined is the sufficiency of the plea of former recovery. Its test is that it shows conclusively that the judgment made between the same parties in the same court, was on the merits of the case.—1 Stew. 20; 2 Stew. & Port. 341; 16 Ala. 17. This plea complies with all the requirements of the law, and can not be seriously questioned.—37 Ala. 306.

2. The demurrer should have been overruled, because it was general, and did not in any manner set out wherein the plea was insufficient.—Revised Code, § 2656; 42 Ala. 672; 42 ib. 208; 34 Ala. 485; 35 Ala. 259; ib. 722; 40 Ala. 578. The defendants, Lowery and Owens, pleaded that they had not signed the bond, except by marks, without an attesting witness, and to this plea a demurrer was improperly sustained. It did not comply with the requirements of the Code in the case of such signatures. Nor can it be said that the requirement was met by the act of approval by the sheriff.—35 Ala. 110. The court sustained the demurrer to the several pleas, and thereupon invaded the province of the jury, who alone can find whether or not the necessity did exist.—18 Ala. 280. But aside from this, the plea was certainly good.—9 Ala. 198. In this case the court say " that

[Hammons v. The State.]

a note made on Sunday to procure a discharge of the principal maker, who had been arrested on a charge of bastardy, is void," simply because of its execution on Sunday. That case and this both depend on the law of contract.

3. It is beyond controversy that all contracts of whatever description are void if executed on Sunday, unless it should come within one of the exceptions contained in the Revised Code, § 1882.—5 Ala. 467; 9 Ala. 198; 10 Ala. 566; 11 Ala. 885; 13 Ala. 360; 41 Ala. 132. An action can not be maintained on a bond which is executed on the Lord's day, neither from necessity nor charity.—13 Metc. 284. A recognizance taken on Sunday is void.—33 Maine Rep. 539. To create a legal necessity there should be at least great danger of some loss or wrongful injury that could not be otherwise avoided or repaired.—20 Ark. 289; 2 Parsons Cont. pp.760–1. But the case in 9th Alabama, above referred to, seems decisive of the one at bar.

4. It is insisted that the cases of *Hooper v. Edwards* in 18th and 20th Alabama Reports, sustain the position of the appellees. In that case great and inevitable loss was threatened.—18 Ala. 284. But here no loss, injury or destruction could have been incurred by waiting till the succeeding day. Necessity is a strong term, being compulsory, and making the contrary of a thing almost impossible.—2 Bouvier's Law Dict. p. 212.

HERBERT & BUELL, for appellee.—1. The demurrer to the pleas was properly sustained. Under the decision in *Merritt v. Phœnix*, 48 Ala. 87, the approval of the signature by the sheriff was sufficient attestation. The plea is bad aside from such attestation. The plea avers that each made his mark, and does not aver that one or both of the pleaders could not write.—52 Ala. 196. The plea was not sworn to, and did not put in issue the fact of signature, but its legal effect. The court properly held that the allegations of the plea were not a defence to the action.—52 Ala. 154; 56 Ala. 514.

2. The demurrer was sufficiently specific to test the sufficiency of the plea.—15 Ala. 722. There is no judgment or order of the court discharging the defendants from the bond. And if there had been a final judgment, and afterwards set aside, such a judgment would have been no bar to a subsequent action on the bond.

3. It was a matter of necessity that the bond should be executed on Sunday. In *Flagg v. Millbury*, 4 Cush. 243, the court says: " A moral fitness or propriety of the work and

[Hammons v. The State.]

labor done under the circumstances of any particular case may well be deemed necessity within the statute."—6 Mass. 76. In order to render a contract void, because executed on Sunday, it must appear that the party seeking to enforce it had "some voluntary agency in consummating the contract on that day."—21 Verm. 99. In *Shippey v. Eastwood*, 9 Ala. 198, the court held the plea, that the note was made on Sunday, to be good. There was no necessity for the settlement of the bastardy case on that day. There was nothing in that case that showed the defendant was restrained of his liberty.

BRICKELL, C. J.—1. "Bail signifies a guardian, or keeper, &c. A man bailed is, where any one arrested or in prison, is delivered to others, as his bail, who ought to keep him to be ready to appear at a time assigned, or otherwise to answer for him. And, therefore, the bail may keep the person committed to them in their custody for their indemnity. Or, if he be at large, they may re-seize him and bring him before a justice to find new bail, or to be committed to prison. And this they may do upon a Sunday."—2 Com. Dig. 3; *Cain v. State*, 55 Ala. 170. Before the statute, 29 Car. 2, c. 7, all ministerial acts upon a Sunday were lawful, though not judicial; as an arrest by an officer upon process. *Reid v. State*, (in manuscript.) The statute excepted from its operation, arrests in cases of treason, felony, or breach of the peace.—7 Com. Dig. 399. Admission to bail, at common law, whether the prisoner was in custody on an accusation of misdemeanor, or of felony, was not matter of right, but rested in a sound judicial discretion, and its allowance was the exercise of judicial power.—1 Bish. Cr. Pr. § 693, *et seq.* In this State it has been controlled by constitutional and statutory provision. The Bill of Rights of all our constitutions, has contained substantially the same provision: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offences, when the proof is evident, or the presumption great; and that excessive bail shall not in any case be required." The policy of the statutes is, and has been, to afford the citizen every facility for obtaining a discharge from custody, before conviction, on giving sureties for his appearance to answer the accusation preferred against him. On an indictment for a misdemeanor, no order of a judge, no adjudication of a court, is essential to the admission of a defendant to bail. It is matter of right, and on the sheriff in whose custody he may be devolves the duty uncon-

[Hammons v. The State.]

ditionally of discharging him on sufficient bail. The duty of the sheriff is purely ministerial, and for the manner of its exercise, he stands answerable, as he is for the exercise of other ministerial duties.—Code of 1876, § 4830. If the indictment charges a felony, and the defendant does not give bail in open court, the court must make an order, and cause the same to be entered of record, fixing the amount of bail required ; *and the sheriff has authority, and it is his duty, to discharge such defendant, in vacation, on his giving bail, as required in such order.*"—Code of 1876, § 4831. Not only on the court is conferred this power of delegating to the sheriff authority, and imposing the duty of taking bail in cases of felony, but the judges of the city and circuit courts, the only courts in which there can be prosecutions by indictment for felony, are required during term time, by order entered on the minutes, to fix the amount of bail required in all cases of bailable felonies pending in the court, and direct the sheriff to take bail accordingly in vacation.—Code of 1876, § 4849. These and other statutory provisions to which reference can be made, show the solicitude of the General Assembly, to furnish the citizen charged with an offence which under the Constitution ' is bailable as matter of right, facilities for obtaining discharge on bail. When bail is given, the defendant is still regarded, as being transferred from the custody of the officer of the law, to the custody of his sureties, whose right to re-seize the principal, and exonerate themselves by his surrender, is declared.—Code of 1876, § 4859.

2. The principal in the present case, was in custody on an indictment for murder, and the Circuit Court in which the indictment was pending, adjudging in term time, he was entitled to bail, fixed its amount, and directed the sheriff to take in vacation an undertaking for his appearance, with sufficient sureties. The appellants joined him in the undertaking, taken by the sheriff in vacation, which they now insist was executed on Sunday, and is void as violation of the statute, which prohibits all contracts made on Sunday, unless for the advancement of religion, or in the execution, or for the performance of some work of charity, or in case of necessity.—Code of 1876, § 2138. What effect this statute has on the common law principle, that the acts of ministerial officers done on Sunday are valid, is not a question which ought, in the present case to be considered and decided to its full extent. By no just interpretation, can the statute be extended to the acceptance by a mere ministerial officer of an undertaking of bail, which the statutes, and the order of court

[Hammons v. The State.]

command him to take, leaving nothing to his discretion,. except the sufficiency of the sureties tendered.  If the principal had been at large, it would have been the duty of the sheriff to have arrested him.  Or, it he had been on bail, his sureties could have surrendered him.  Or, if an exigency existed requiring it, the sheriff could have transferred his custody to another, or could have changed the place of it. The acceptance of the undertaking on Sunday, is no more than a transfer of the custody, a change of its place.  The bail, instead of the sheriff, became the keepers.  It would be repugnant to the policy of the statutes, which are framed with so much care to afford the largest opportunity for relief from actual imprisonment, on giving bail, to construe the statute referring to contracts made on Sunday, as lessening the opportunity and prolonging the. imprisonment.—*Rice v. Commonwealth*; 3 Bush (Ky.),14.  The exception in the statute, " in case of necessity," has been heretofore held by this court, to embrace a contract made by a creditor to secure his debt from an absconding debtor.—*Hooper v. Edwards*, 18 Ala. 280 ; *S. C.* 25 Ala. 528.  The Supreme Court of Illinois, in *Johnston v. People*, 31 Ill. 469, held the taking of a recognizance of bail from one charged with a criminal offence, was a *work of necessity,* within the exception of their statute.  In *Flagg v. Inhabitants of Millbury*, 4 Cush. 244, the Supreme Court of Massachusetts, say :  " By the word ' necessity ' in the exception we are not to understand a physical and absolute necessity ; but a moral fitness or propriety of the work and labor done, under the circumstances of any particular case, may well be deemed necessity within the statute." There seems to us no ground on which the defence against the undertaking, because of its execution on Sunday, ought to be sustained, and if sustained, it would diminish a right of personal liberty, the statutes have been carefully framed to secure.  The case of *Shiffey v. Eastwood*, 9 Ala. 198, was a mere private contract between individuals, in which officers of the law had no agency, and which was not expressly authorized by statute, and ordered by a court of competent jurisdiction.

3.  The statute provides that when an undertaking of bail is forfeited by the failure of the defendant to appear, a conditional judgment must be entered against him and his sureties for the sum expressed in the undertaking, of which notice must be given and that it will be made absolute, unless they appear and show cause against the same.  On the appearance of the parties, if sufficient cause is shown, to be determined

[Hammons v. The State.]

by the court, the conditional judgment must be set aside; but if the excuse is not sufficient; or if they fail to appear, the judgment must be made absolute, for the entire sum expressed in the undertaking, or any portion thereof, according to the circumstances. The court is required to hear excuses for defaults, on application, at any time, when not engaged in other business; and if the conditional judgment is set aside, no costs are to be imposed.—Code of 1876, §§ 4863, 4868. The defendants pleaded in bar, that at a former term of the court, a conditional judgment was rendered against them, and on notice, they appeared at the next term and made answer that the undertaking was executed on Sunday;and thereupon the court set aside the conditional judgment. Was this a final judgment pronounced, and which the court had authority or jurisdiction to pronounce, discharging the bail? In form, and in words, it is a mere vacation of the conditional judgment, not adjudging the validity of the undertaking, or the liability of the bail, and we can not suppose it was intended by the court to have any larger operation. The statute does not clothe the court with an absolute power of discharging or fixing the liability of bail; nor does it confer the power to determine questions of fact without the intervention of a jury, on which the validity of the undertaking, or the liability, may depend. The power the court can exercise, is that of passing on the sufficiency of the excuse for the default of the principal at the former term. If that excuse is adjudged sufficient, the conditional judgment must be set aside without costs. If it is not entirely satisfactory—if it is shown that the default was not unmixed with negligence, or a wilful disobedience of the duty of appearance, the judgment may be accommodated to the particular circumstances of the case, and made absolute for the whole, or a part of the sum expressed in the undertaking as to the court may seem just. — *Cain v. State*, 55 Ala. 170. The appearance of the principal, and his submission to the orders of the court is contemplated, in all cases in which the court exercises the power of setting aside the conditional judgment, or of rendering it absolute for less than its whole amount. It is not contemplated, the power shall be exercised in cases in which he does not appear, and the court can not hold him to answer the indictment. The judgment pleaded in bar, was a mere order vacating the conditional judgment, without an adjudication of the validity of the undertaking, or of the liability of the bail, and is not a bar to the present action.

[Wilson v. Knight.]

3. The execution of the undertaking by Lowery and Owens was not put in issue by a verified plea, and without such plea there could be no inquiry into that fact. Parties to such an undertaking may employ initials, a mark, or any other designation, and will be bound as if they had written their names in full, if such was their intention.— *Wimberly v. Dallas,* 52 Ala. 196.

Judgment affirmed.