# Bearden *v.* The State.

*Scire Facias against Bail on Forfeited Recognizance.*

1. *Surrender of principal, as discharge of bail.*—Bail may discharge themselves by surrendering their principal to the sheriff after the rendition of a conditional judgment against them (Code, §§ 4427–30), and may show such surrender as good cause against the rendition of a final judgment. (McCLELLAN, J., dissenting.)

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. JAS. R. DOWDELL.

The record in this case shows that, on the 16th October, 1888, the appellants in this case, H. C. Bearden as principal, and the others as his sureties, entered into a recognizance, or bail-bond, which was approved by the sheriff, and conditioned for the appearance of said Bearden at the next ensuing term of the Circuit Court of said county, to answer an indictment there pending against him for selling whiskey without a license; that at the next term of the court, Bearden failing to appear, a conditional judgment was rendered against him and his sureties, and notice thereof was served on the sureties; that they afterwards arrested Bearden, and surrendered him to the sheriff of the county; and that at the next ensuing term of the court they showed these facts, moved to set aside the conditional judgment, and asked to be discharged. The court overruled their motion, and rendered final judgment against them. They duly excepted to this ruling and judgment, and here assign the same as error.

WM. A. COLLIER, for the appellants.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Bail is a delivery of a person to his sureties, upon their giving, together with himself, sufficient security for his appearance; he being supposed to continue in their friendly custody, instead of going to jail.—2 Amer. & Eng. Encyc. of Law, 1. So, when bail is given for a defendant's appearance at court, the sureties on the bail-bond become bailees, or custodians of the person of their principal; and they, at any time, before default against them is

fixed, may surrender their principal in full discharge of their obligation for his appearance at court. This is a common-law right, older than, and independent of our statute on the subject.—1 Tidd's Practice, *281-2; 2 Amer. & Eng. Encyc. of Law, 25; 1 Bish. Cr. Proc. § 250. The doctrine of arrest, bail and surrender of the principal in exoneration of the sureties, originally pertained alike to civil and criminal proceedings. It ceased as to the former, when imprisonment for debt was abolished.

Section 3685 of the Code of 1852 provides, that "At any time before the bail [in criminal cases] are finally discharged, they may surrender the defendant in exoneration of themselves." "§ 3686. For this purpose, they may arrest the defendant on a certified copy of the undertaking, at any place in this State, or may, by a written authority indorsed on such copy, authorize another person to do so." This is the first time, in Alabama legislation, when the foregoing provision made its appearance in criminal procedure. Since then it has been retained in every codification of our statutes, without material change. In the special Penal Code of 1866, § 699, the language is, "Bail may, at any time before they are finally discharged, exonerate themselves by surrendering the defendant."—Code of 1867, § 4250; Code of 1876, § 4859; Code of 1886, § 4429.

We have endeavored to trace the history of this legislation to its source, but have found no mention of it in our criminal jurisprudence earlier than the Code of 1852. We have said, the common-law rule of arrest, bail and surrender of defendant in discharge of his sureties, was the same in civil and criminal proceedings. By the "Act making further regulations in judicial proceedings," approved December 24th, 1812—Toulmin's Dig. 33—it was provided, "that the bail shall have liberty, at any time before final judgment obtained against him on *scire facias*, to surrender to the court from which such process issued, or to the sheriff returning such process during the sitting of such court, the principal in discharge of himself."—Aiken's Dig. 54, § 18; Clay's Dig. 75, § 20. These statutory provisions remained substantially unchanged, so far as we have discovered, until by the adoption of the Constitution of 1868 imprisonment for debt was abolished.—Code of 1852, § 2188; Code of 1867, § 2589. May we not suppose that, by the insertion of section 3685, the authors of the Code of 1852 intended to

[Marcus v. The State.]

confer on bail in criminal cases the same means of exonerating themselves as bail in civil suits had so long enjoyed?

The statute—Code of 1886, § · 4429—declares that by surrendering the defendant, bail may *exonerate* themselves. This can have but one meaning. They thereby relieve themselves of the burden, or obligation of the bond. It ceases to be a burden, or obligation resting on them. And, so, the statute declares that this surrender may be made *at any time before they* [the bondsmen] *are finally discharged.* When are they finally discharged? Certainly not before a conditional judgment is rendered against them. Certainly not while a conditional judgment stands against them, which the State is seeking to make absolute. They can be finally discharged only in one of two ways: they must pay the amount of the bond, or the judgment of the court must be pronounced in their favor. The bail had not been finally discharged, they delivered the defendant to the sheriff, and the statute declares that they thereby exonerated themselves. This leaves us without discretion. If our ruling works an injustice, the remedy is not with us.

If it be contended, or supposed, that our decision goes the length of holding that the sureties in a bail-bond may exonerate themselves by surrendering their principal, even after final judgment against them, our answer is, that that question is not before us, and we do not decide it. It may be that other principles would control in the case supposed.

The judgment of the Circuit Court is reversed, and a judgment here rendered discharging the sureties, who will go hence without day. This judgment does not affect the defendant Bearden. His *status* remains unchanged.

Reversed and rendered.

McCLELLAN, J., dissenting.