# The State v. Crosby.

*Proceedings upon Bail Bond.*

1. *Bail; release of sureties; conviction and sentence in another case insufficient as a release.*—When a person is out on bail for one offense, his subsequent arrest and imprisonment under a charge for another offense is not a release of his sureties on the bail bond; and where after the release of a person charged with one offense upon his execu-

[The State v. Crosby.]

tion of a bail bond, he is subsequently arrested, tried and convicted for another offense, and while in jail, pending an appeal from such judgment of conviction, he escapes and does not appear for trial on the charge for which bond was given, the sureties on such bail bond, if they did not surrender their principal after his conviction, are liable for his forfeiture of bail.

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. N. D. DENSON.

At the May term, 1896, of the Circuit Court of Chilton county, upon the case of the State v. German Crosby being called, the defendant did not appear and made default, and a judgment *nisi* was rendered against him and his bondsmen. Notice of this judgment was issued and duly served upon the bondsmen. At the Fall Term, 1896, of the said circuit court, the State by its attorney, moved the court that the judgment *nisi* theretofore entered in said cause be made final and absolute against the bondsmen who were served with process. Upon the hearing of this motion, the following facts were disclosed: That at the Spring Term, 1895, of the circuit court of Chilton county, Alabama, two indictments were returned against German Crosby, one of said indictments for murder in the first degree, and the other of said indictments for assault with intent to murder; that on the 15th day of May, 1895, warrants were issued on each of the said indictments and on the 12th day of August, 1895, the defendant was admitted to bail according to the bonds attached, marked exhibit "A" and "B;" that at the Fall Term, 1895, both cases were on the docket for trial against the defendant, and the defendant was put upon trial in the case of murder and convicted of murder in the second degree, whereupon he prayed an appeal to the Supreme Court; and pending said appeal was committed to the jail of said county, and between the Fall Term, 1895, and the Spring Term, 1896, escaped from said jail, and is still a fugitive. At the same term of the court that the defendant was convicted in the murder case, the case against the defendant for assault with intent to murder was continued by consent, and at the Spring Term, 1896, the defendant failed to appear in the case of assault with intent to murder, and forfeiture was entered against defendant and his bail, upon the bail piece, a copy of which was

[The State v. Crosby.]

attached as exhibit "B." It further appeared that the sureties on the forfeited bond never delivered the defendant into the custody of the sheriff on either bond, and that the sureties never at any time after the conviction of the defendant of murder notified the sheriff of the county that they desired to be relieved as sureties on said bond, given to answer the charge of assault with intent to murder.

The court upon these facts rendered judgment denying the motion of the State's attorney, set aside the judgment *nisi*, and discharged the bondsmen. To the rendition of this judgment the State duly excepted, and now appeals therefrom, and assigns said judgment as error.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Tedford v. State*, 7 So. Rep. (Miss.) 352.

W. A. COLLIER, *contra*.

HARALSON, J.—The sureties, when the obligation of bail is assumed, become in law the jailers of their principal.—*Cain v. The State*, 55 Ala. 170 ; *Bearden v. The State*, 89 Ala. 21 ; 3 Am. & Eng. Encyc. of Law, (2d ed.), 653. "The undertaking of bail binds the parties thereto, jointly and severally, for the appearance of the defendant, on the first day of the court, from day to day of such term, and from day to day of each term thereafter, until he is discharged by law."—Code of 1886, § 4427 ; and, "Bail may at any time before they are finally discharged, exonerate themselves by surrendering the defendant."—Code of 1886, § 4429. Being the jailers of their principal, of his own choosing, the spirit of the obligation of the sureties is, that they will as effectually secure the appearance of the defendant, and put him as much under the power of the court, as if he were in the custody of the law. The recognizance is binding on the distinct obligations, that the principal shall appear at the term of the court designated, to answer the charge against him, to abide the judgment of the court, and that he will not depart and leave the court, until legally discharged.— 3 Am. & Eng. Encyc. of Law, (2d ed.), 710, 714. As a rule sureties on a bail bond can only be discharged from liability by the performance of the conditions of the recognizance entered into by them, unless that becomes im-

[The State v. Crosby.]

possible by the act of God, or of the law, or of the obligee.—2 Am. & Eng. Encyc. of Law, (2d ed.), 717.

When a party is out on bail for one offense, it cannot be allowed that he cannot be arrested by the State for another crime, for the reason that he is in the custody of his bail on the other criminal charge. Such subsequent arrest and imprisonment thereunder is no discharge of his bail. The writ of *habeas corpus* to bring the prisoner up for trial, or to be surrendered up in discharge of the bail, furnishes an adequate remedy.—*Ingram v. The State*, 27 Ala. 17.

Besides, the fact that the defendant was in jail, as the result of his having been found guilty of murder in the other case against him, offered no obstacle to the sureties to surrender him at any time before he made his escape. And, at the term of the court at which he should have appeared to answer to the other offense, but failed, and a forfeiture was sought therefor against his bail, he was not in the custody of the State,—he had escaped from jail, was at large, and there was nothing to prevent his appearing in accordance with the terms of his bond, nor were his sureties deprived by the State of the privilege of recapturing and surrendering him. In contemplation of law, the moment he escaped, he ran right into the custody of his bail, and they were charged with the responsibility of keeping and producing him at the trial. It is not necessary to presume they aided him to escape, to discharge their obligation; but if they did not, they present no better excuse for discharge from liability, than if they had done so. Their excuse, as made, we are unable to approve. Authorities *supra; Allee v. The State*, 28 Tex. App. 531; *Wheeler v. The State*, 38 Tex. 173; *Tedford v. The State*, 67 Miss. 363; *State v. McAllister*, 54 N. H. 156; *Bishop & Randolph v. The State*, 16 Ohio St. 419.

The court below erred in discharging the sureties on said bond, and its judgment is reversed and the cause remanded.

Reversed and remanded.