68 So.2d 503

## BEDDOW v. STATE.

6 Div. 660.

Supreme Court of Alabama.

Nov. 5, 1953.

J. Edmund Odun, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt Straub, Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from an order and judgment of the lower court in a proceeding of habeas corpus, wherein it is contended that excessive bail was fixed and required by the trial judge. Review and modification of such order and judgment is here sought. The prayer is for a reduction of bail to a reasonable amount in lieu of the claimed excessive bail fixed below.

On the question of bail, it is provided in our Constitution: "That excessive bail shall not in any case be required." Constitution 1901, Art. 1, § 16.

One of the principal purposes of the foregoing quoted provision is that reasonable bail should not be denied for the purpose of punishing the person charged with crime. Bail is exacted for the sole purpose of securing the attendance of the defendant in court at all times when his presence may be lawfully required and his surrender in execution of any legal judgment that may be pronounced against him.

As to the instant proceeding, the record before us presents in every detail the statutory requirements in an appeal of this character.

In fixing the amount of bail, consideration should be given to the station in life of the defendant and the surrounding circumstances.

We have, as is our duty, considered all the evidence adduced below. We refrain from a recitation here of any part of the evidence.

As to this petitioner, we are of the opinion that he is entitled to the relief sought and that it would meet every requirement of law that he furnish a bail bond with good and sufficient sureties, as the law provides and requires, and that such bond be executed in the sum of $5,000.

It is, therefore, ordered that the defendant shall be admitted to bail in the sum of $5,000, and that said bond shall be taken and approved by the judge to whom the primary application was made, or by the sheriff of Jefferson County, in compliance with § 194, Title 15, Code of 1940.

The order and judgment of the lower court is hereby modified to the extent stated.

Modified and affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.