306 So.2d 268

**Julian SWIFT, as Clerk of the Tenth Judicial Circuit of Alabama**

v.

**James ESDALE and Willie Esdale.**

Supreme Court of Alabama.
**SC 623.**

Jan. 16, 1975.

Earl C. Morgan, Dist. Atty., Tenth Jud. Circuit of Ala., Birmingham, for appellant.

George S. Brown, Birmingham, for appellees.

PER CURIAM.

Appellees filed a petition for declaratory judgment in the Circuit Court of the Tenth Judicial Circuit, sitting in equity, asking that appellant, as Clerk of the Circuit Court of the Tenth Judicial Circuit, be made a party respondent; and that, upon final hearing, the court render a judgment declaring appellees legally absolved from their obligation as judgment debtors and discharging them as sureties. Appellant demurred to this petition and his demurrer was overruled. Appellant then filed an answer, which he subsequently amended. The cause came on to be heard; and the court decreed that petitioners be relieved from any liability to pay any part of the final forfeiture rendered against them by the Criminal Division on September 15, 1970. Appellant's application for rehearing was denied on July 31, 1973. From this judgment of the trial court this appeal was taken.

Appellees, James and Willie Esdale, were doing business as professional bail bondsmen in Jefferson County, Alabama. On July 21, 1969, appellees executed an appearance bond in the amount of $1,000.00, to secure the appearance of James Lee Jones, who was charged with the offense of grand larceny. When Jones failed to appear in court for trial on September 26, 1969, this bond was forfeited. On September 15, 1970, the forfeiture was made final.

On December 4, 1970, appellees filed a motion to set aside this forfeiture, which motion was heard and denied by the court on April 2, 1971. Subsequently, appellees learned that Jones was in jail in New Orleans, Louisiana. Exercising their rights as bail, they then went to New Orleans, got Jones, and brought him back to Alabama, placing him in the custody of the sheriff of Jefferson County. Since no execution had ever issued on the judgment of forfeiture, appellees at this point brought the present action, asking for a declaratory judgment that they be legally absolved from their obligation as judgment debtors, and discharging them as sureties. The court below chose to treat this petition as a bill in the nature of a bill of review. It was held that appellees should be exonerated from any liability under the bail bond, but that they should be taxed with costs. From this judgment the appellant has taken this appeal.

■ Before addressing ourselves to the merits of this appeal, we must first consider several technical arguments raised in the brief of appellees. Appellees point out that nowhere in the appellant's brief is there any reference to any of appellant's assignments of error. We have held that a brief is insufficient which fails to make specific application to the ruling assigned as error. Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516 (1966). And where no assignments of error are mentioned in brief, they must be considered to be argued in bulk; and if any one of them is without merit, the court will not consider the rest of them. Piper Ice Cream Co. v. Midwest Dairy Products Corp., 279 Ala. 471, 187 So.2d 228 (1966). However, under newly adopted Supreme Court Rule 52, no defect in a brief will be grounds for affirmance unless the opposing party, by motion, calls such defect to the attention of the court and the adverse party. Since this was not done here, we cannot affirm this case on the basis that appellant's brief is defective.

■ Appellant argues that a bill in the nature of a bill of review is not a proper device to use in remitting a forfeited bail bond. It should be noted that, in the past, our courts have recognized a technical distinction between a bill of review and a bill in the nature of a bill of review. Cunningham v. Wood, 224 Ala. 288, 140 So. 351 (1932). However, under the new Alabama Rules of Civil Procedure, it is no longer necessary to make this distinction. A.R.C.P. 60(b) retains the substance of all the devices heretofore used to attack a final judgment, including bills of review and bills in the nature of bills of review, but destroys the artificial boundaries between them. See comment to Rule 60. In the instant case, the facts relied on came into being after final judgment and after the time for appeal had expired. We have previously held that facts that come into being after the former decree was rendered, and at a time when they could not be used as a basis for a new trial, can be brought up by a bill of review. Gardner v. Gardner, 250 Ala. 251, 34 So.2d 157 (1948); Louisville and Nashville R. Co. v. Mauter, 203 Ala. 237, 82 So. 487 (1919).

■ Appellant argues, however, that appellees should either have taken an appeal from the final judgment of forfeiture or applied to the Board of Pardons and Paroles for a remission of the forfeiture. The time for taking an appeal in this case had already expired when appellees placed Jones in the custody of the sheriff. An appeal would therefore have been useless to appellees. As for appellant's contention that an application to the Board of Pardons and Paroles is the exclusive remedy for remission of a final forfeiture of a bail bond, he only cites as authority Code of Alabama, Title 42, § 16, and a Law Review article, Hill, "Bail and Recognizance in Alabama: Some Suggested Reforms," 21 Alabama Law Review 601, 606 (1969). This article does indeed support this contention; but as authority, it merely cites us back to Title 42, § 16, and appellant admits that he can find no other authority for this argument. Title 42, § 16 states that the Board of Pardons and Paroles shall have the

power to remit fines and forfeitures, but it nowhere says that this is the exclusive remedy for doing so. We do not think that this section of the Code alone can support the proposition sought to be sustained by appellant.

■ There is some authority, however, for the proposition that a court cannot constitutionally remit fines and forfeitures. Constitution of 1901, § 124, states that "The governor shall have power to remit fines and forfeitures . . ." This was interpreted to mean that the remission of fines and forfeitures was the exclusive domain of the executive branch and that neither the judiciary nor the legislature could constitutionally remit fines and forfeitures. Haley v. Clark, 26 Ala. 439 (1855); State v. Stone, 224 Ala. 234, 139 So. 328 (1932). See, also, Constitution of 1901, § 43. In Montgomery v. State, 231 Ala. 1, 163 So. 365, 101 A.L.R. 1394 (1935), it was held that § 124 also gave the executive branch the exclusive power to suspend imposition of sentences and to place defendants on probation. Subsequently, Amendment 38 was added to our Constitution. This amendment was designed to take the place of § 124; and we set it out here in full:

"The governor shall have power to grant reprieves and commutations to persons under sentence of death. The legislature shall have power to provide for and to regulate the administration of pardons, paroles, remission of fines and forfeitures, and may authorize the courts having criminal jurisdiction to suspend sentence and to order probation. No pardon shall relieve from civil and political disabilities unless specifically expressed in the pardon."

It was later held that the purpose of Amendment 38 was to grant the legislature the power to authorize the courts to exercise the probation power; and it was not intended to do more than this. In re Upshaw, 247 Ala. 221, 23 So.2d 861 (1945).

The question now is whether, in view of § 124 and Amendment 38, the power to remit fines and forfeitures can constitutionally be exercised by the courts. There have been no cases decided since the passage of Amendment 38 that address themselves to this problem.

Cases on this point from other jurisdictions are sparse. The only two we have found upheld the action of the lower court in remitting a forfeited bail bond; one on the ground that this was merely the exercise of judicial discretion, Commonwealth v. Thornton, 58 Ky. 380 (1858); and the other on the ground that a court always had authority to set aside a judgment wrongfully entered, Walker v. State, 103 S.W.2d 404 (Tex.Civ.App.1937).

We are of the opinion that the court below acted constitutionally. Amendment 38 took the power to remit fines and forfeitures from the executive branch and gave it to the legislature. The legislature, in turn, gave this power to the Board of Pardons and Paroles, Title 42, § 16, and also gave it to the courts in certain counties of this state, Title 15, § 217(1), which recites:

"In all counties in this state having a population of seventy-two thousand (72,000) inhabitants, or more, according to the last, or any subsequent federal census, all state, county, or municipal courts shall have full power and jurisdiction in all proceedings conducted pursuant to the provisions of this chapter, pursuant to the rendering of any final judgment upon any forfeiture of any undertaking, or bail bond, to consider the cause of the default, and all the circumstances in connection therewith, including the excessiveness of the penalty, if any, and upon giving consideration thereto, shall have jurisdiction to remit the whole of the penalty of such bail bond, or undertaking, or any part thereof, and to render final judgment against the sureties appearing upon such bail bond, or undertaking, for such part of the penalty prescribed by such bail bond, or undertaking, as the ends of justice, in the opinion of the court, may require."

■ Under this latter statute the courts in Jefferson County have jurisdiction to remit bail bonds. There is no time limitation in this statute and presumably the courts in such counties can review a final judgment of forfeiture whenever facts arise which tend to mitigate the responsibility of the sureties. It appears from appellees' complaint that on December 4, 1970, they filed a motion to set aside the forfeiture and that this motion was denied on April 2, 1971. The appellant argues that the court heard and denied this motion under the authority of Title 15, § 217(1). There is nothing in the record to back up this assertion and, even if there was, there is nothing in the statute to indicate that appellees could not go into court again under § 217(1) after they returned Jones to the sheriff.

■ Appellees commenced this action as a proceeding for a declaratory judgment; and it was treated by the court below as a bill in the nature of a bill of review. In most counties in this state, neither of these devices could be used by the court in remitting a final forfeiture of a bail bond; because the organic law has placed this power in the hands of the legislature. However, the legislature has delegated this power to the courts in Jefferson County by virtue of § 217(1) and, therefore, the court below had the power to remit the forfeiture of bail. It makes no difference how appellees styled their complaint, or how the court chose to treat it; it was in substance merely a proceeding to remit a bail bond after final forfeiture; and, as we have pointed out, the courts in Jefferson County have the power to do this under Title 15, § 217(1).

Having decided that the court below had the jurisdiction and authority to remit the forfeiture of bail, we must now decide whether it was correct in so doing. Specifically, the question is this: Is it grounds for a remission of forfeiture under Title 15, § 217(1), that the principal was incarcerated in another state at the time he was supposed to have appeared in court, but that he has now been returned and is in the custody of the sheriff?

■ The fact that Jones was incarcerated in another state will not relieve appellees of their obligation as sureties on the bail bond. Cain v. State, 55 Ala. 170 (1876). Of course, the sureties under a bail bond can always relieve themselves from the obligation of the bond by the surrender of the principal at any time before the forfeiture is made final. Bearden v. State, 89 Ala. 21, 7 So. 755 (1889). In the instant case, however, the forfeiture was made final months before appellees surrendered Jones to the sheriff. In *Bearden,* supra, this court said:

"If it be contended . . . that our decision goes the length of holding that the sureties in a bail-bond may exonerate themselves by surrendering their principal, even after final judgment against them, our answer is, that that question is not before us, and we do not decide it. . . ." (89 Ala. at 23, 7 So. at 756)

■ No subsequent case has answered this question. A bail bond is a contract requiring the principal to appear in court at a certain time, and the sureties are not, as a matter of right, released from their obligations under a forfeited bail bond by the surrender of the principal after final judgment. 8 C.J.S. Bail § 92. However, the object of bail is not revenue, but to secure the presence of the principal, Beddow v. State, 259 Ala. 651, 68 So.2d 503 (1953); and where, as here, the sureties were found to be diligent in trying to locate him, we do not think that the lower court was incorrect in ordering remission of the forfeited bond.

The judgment of the lower court, therefore, must be affirmed.

Affirmed.

All the Justices concur.