BRADLEY, Judge.
This appeal is from a judgment forfeiting a bail bond.
Walter J. Maddox was arrested by a member of the Montgomery Police Department on January 27, 1980 for unlawfully possessing crystal methamphetamine in violation of §§ 20-2-1, -120, Code 1975. Preliminary hearing on this charge was set for March 5, 1980.
On February 29, 1980 Maddox as principal and A-l Bonding Company of Montgomery and D.R. Goolsby as sureties affixed their signatures to a $2,500 consolidated bail bond to assure the appearance of Maddox at the preliminary hearing set for *779 March 5, 1980 or at the next session of the Montgomery County Circuit Court, there to await the action of the grand jury “and from session to session thereafter until discharged by law to answer to the charge of illegal possession of drugs.”
Maddox appeared at the preliminary hearing on March 6, 1980 and was bound over to the next session of the Montgomery County grand jury.
On March 6, 1980 Maddox was again arrested for illegal possession of drugs. On that same day Maddox and Thomas Lam-berth executed a bail bond for the second charge in the amount of $1,000 to require the appearance of Maddox at a preliminary hearing scheduled for March 21, 1980 or at the next session of the Montgomery Circuit Court, there to await the action of the grand jury until discharged by law. Appellants were not named as sureties on this bond.
On May 12, 1980 a Montgomery County grand jury indicted Maddox for unlawful possession of an amphetamine based on the January 27, 1980 arrest. A subsequent grand jury no-billed the charge resulting from the March 6, 1980 arrest. Trial was scheduled on the illegal possession of the amphetamines charge for June 23, 1980 but was reset for July 28, 1980. Although the record is silent as to when Maddox was arraigned on the charge made against him, it does show that he failed to appear for arraignment before the court.
On July 25, 1980, three days before Maddox was scheduled for trial on the criminal charge, the circuit court entered a conditional forfeiture of the bail bond against A-l Bonding Company for $2,500. A-l was ordered to show cause why the conditional judgment should not be made final. Subsequently, A-l and D.R. Goolsby were given until September 23, 1980 to respond to the show cause order. Appellants answered by saying that they were released on their obligation when Maddox was arrested on March 6, 1980 for the same charge. Goolsby answered individually by saying that he intended to sign the bond in a representative capacity, i.e. as an officer of A-l Bonding Company. After a hearing at which various documents and the testimony of the circuit court clerk were introduced, the circuit court ordered that the conditional forfeiture be made final against the appellants.
Appellants contend here (1) that they were discharged from liability on their bond when Maddox was arrested again on March 6,1980 and made a bond with new sureties; and (2) that Goolsby was not liable as surety because there was no evidence that he intended to incur personal liability.
As to appellants’ first contention, §§ 15-13-62 and 15-13-64 of the 1975 Code permit the sureties on a bail bond approved by a circuit court to exonerate themselves from liability for a default thereon by their principal at any time before a conditional forfeiture judgment is entered against them by surrendering the principal into the custody of the sheriff of the county .“in which the court is held, to which the [principal] is bound to appear or to which the trial has been removed.” Code 1975, § 15-13— 64. The sureties may surrender their principal to the county sheriff and thus discharge themselves from liability on their bond by turning over physical custody of the principal to the sheriff and either giving the sheriff the bond or a certified copy thereof or expressing to him in some other fashion their desire to be released as sureties on the bond. Jordan v. Knight, 250 Ala. 109, 35 So.2d 178 (1948); State v. Crosby, 114 Ala. 11, 22 So. 110 (1897).
Although appellants may have relinquished physical custody of Maddox to the Montgomery County sheriff, there is no evidence in the record from which we can conclude that they also gave the sheriff the bond or a certified copy thereof or in any way notified him of their desire to be released from their obligations as sureties on the bond. Hence, we cannot say that Maddox’s arrest on the second drug charge and his execution of a new bail bond ipso facto discharged appellants from liability on their bond. Nevertheless, we agree with Goolsby that the circuit court erred in holding him personally liable on the bond.
*780 A bail bond is a contract. Swift v. Esdale, 293 Ala. 520, 306 So.2d 268 (1975). Our courts have consistently stated that an agent who signs a contract on behalf of his principal, whose identity is revealed in the contract, does not thereby subject himself to personal liability thereon unless it is clearly shown that he intended “to substitute or superadd his personal liability for or to that of his principal” when he executed the contract. Sealy v. McElroy, 288 Ala. 93, 257 So.2d 340 (1972); see B & M Homes, Inc. v. Hogan, Ala., 376 So.2d 667 (1979); Chandler v. Hunter, Ala.Civ.App., 340 So.2d 818 (1976).
In the case at bar, both A-l and Goolsby affixed their signatures to Maddox’s first consolidated bail bond. In appellants’ answer to the circuit court’s show cause order of September 18, 1980, Goolsby stated that “[t]he bail bond in the subject case was intended to have been issued by A-l Bonding Company of Montgomery, Inc., and executed by its President, D.R. Goolsby, and was not intended to be executed by D.R. Goolsby, individually as a surety.” Appellee never adduced any evidence in this case tending to contradict or rebut this statement. In the absence of such evidence we cannot agree with the circuit court that Goolsby clearly intended to become personally liable on Maddox’s first bail bond in the event of Maddox’s default thereon when he affixed his signature to it.
It follows that the circuit court’s order making its conditional forfeiture judgment of July 25, 1980 final against Goolsby is reversed and the cause is remanded to that court with directions to discharge Goolsby from liability on Maddox’s first consolidated bail bond. All other aspects of the order are affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.