BRADLEY, Judge.
This appeal is from a judgment forfeiting an appearance bond in the amount of $5,000.00.
Arthur Levert was arrested in Jefferson County, Alabama, for violating the Alabama Uniform Controlled Substances Act. He, as principal, and Annie J. Johnson and Willie Mae Levert, as sureties, entered into an undertaking whereby Arthur Levert was to appear at the next term of the circuit court and from term to term thereafter until discharged by law to answer the charge made against him.
Arthur Levert failed to appear in the circuit court as provided in his appearance bond and a conditional judgment of forfeiture was entered on August 18, 1980 against Annie J. Johnson and Willie Mae Levert as sureties on the bond.
The sureties were ordered to appear on October 3, 1980 and show cause why the conditional judgment should not be made final. On that date appellant appeared and informed the court that the whereabouts of the principal, Arthur Levert, was unknown. Between October 3, 1980 and November 6, 1980 appellant notified the trial court that Arthur Levert was incarcerated in the State of California on charges of grand theft auto and robbery and that she could not produce Arthur Levert in Jefferson County, Alabama.
Appellant was given additional time to return Arthur Levert to Alabama; however, on December 12, 1980, the appellant having failed to return Levert to Alabama, the trial court made the bond forfeiture final and absolute.
On that same day, i. e. December 12, 1980, appellant moved the trial court to vacate the final forfeiture judgment. This motion was overruled. Notice of appeal was then filed by Annie J. Johnson, pro se.
Appellant’s principal contention here is that the trial court erred in finally forfeiting the appearance bond because Arthur Levert was in jail in California and she could not return him to Alabama.
The rule is well established that the incarceration in another state of the principal in a bail bond arrangement made in this state does not relieve the sureties on that bond of their obligation to produce the prin *119 cipal at the appointed place and time in Alabama. Swift v. Esdale, 293 Ala. 520, 306 So.2d 268 (1975); Cain v. State, 55 Ala. 170 (1876).
Arthur Levert was incarcerated in a jail in California at the time he was scheduled to appear in the courts of Alabama. Appél-lant was, therefore, unable to produce Le-vert in Alabama as she had agreed to do in her undertaking. The inability of appellant to produce Levert in the Alabama courts because he was incarcerated in California does not relieve her of that duty. The finding of the trial court to this effect is correct.
Appellant’s final contention is that the trial court erred in not ruling on her motion to reopen the case to allow her to introduce additional evidence.
The record shows that on December 12, 1980 the trial court entered a final judgment of forfeiture and on that same day appellant filed a motion to vacate the judgment. The motion was denied on December 12, 1980. Within thirty days of the final judgment of forfeiture, i. e. December 12, 1980, appellant filed a motion for a new trial. On January 12, 1981, and in the absence of a ruling on the motion for a new trial, appellant filed her notice of appeal.
In the recent case of Farmer v. Farmer, 398 So.2d 723 (Ala.Civ.App., 1981), we held that where a motion for a new trial has been filed but not ruled on at the time an appeal is taken from the final judgment and the movant and appellant are one and the same, the motion for a new trial is discontinued, i. e. the trial court has no authority to rule on the motion. Likewise, in the case at bar, when Mrs. Johnson appealed from the final judgment of forfeiture before obtaining a ruling on her motion for a new trial, she, in effect, withdrew from the trial court its authority to rule on her motion.
Consequently, the trial court committed no error in failing to rule on appellant’s motion for new trial.
For the reasons set out above, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.