RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the trial court’s denial of ABC Bonding Company’s (ABC) motion for remission or mitigation of forfeiture of an appearance bond.
Paul Stanlee Tatum was arrested and charged with the attempted theft-by-deception of three motor vehicles. An appearance bond in the amount of $2,500 was executed by ABC through its agent, Ray McCay.
A preliminary hearing was scheduled for August 7, 1992. Tatum failed to appear for the hearing, and his case was bound over to the grand jury for further action. In December 1992, the grand jury returned an indictment against Tatum, charging him with first degree theft of property. Trial was scheduled for January 8, 1993.
Tatum failed to appear at trial. On January 11,1993, a notice of failure to appear and conditional bond forfeiture in the amount of $2,50.0 was issued against ABC, McCay, and James C. Jolly, the sureties listed on the bond. This notice was served on January 14, 1993.
This notice provided that, within 30 days of receipt of notice, good cause must be shown as to why this bond amount and the court costs incident to the forfeiture should not be paid by ABC. The notice also provided that if no action was taken by ABC within 30 days after receipt, a final forfeiture would be entered against ABC.
On August 27, 1993, after no response by ABC to the notice of failure to appear and conditional bond forfeiture of January 11, 1993, the circuit court entered a final judgment of forfeiture against ABC in the amount of $2,500.
On September 15, 1993, a motion for remission or mitigation of forfeiture was filed by ABC. This motion simply stated that agents for ABC had located Tatum in the Cook County, Illinois, jail. This motion was denied by the circuit court on September 24, 1993.
On October 21,1993, ABC filed a motion to supplement the record to include the affidavit of McCay, which set out the process he had followed in his attempts to locate and return Tatum for trial. This motion was granted.
This appeal followed. We affirm the actions of the circuit court.
In its first issue, ABC contends that the circuit court abused its discretion in denying the motion for remission or mitigation of forfeiture because Tatum was incarcerated in another state.
It is well established that the sureties on a bail bond arrangement made in Alabama are not relieved of them obligation to *807 produce the principal at the appointed place and time in this state simply because the principal is incarcerated in another state. Swift v. Esdale, 293 Ala. 520, 306 So.2d 268 (1975); Johnson v. State, 401 So.2d 118 (Ala.Civ.App.1981).
As previously noted, ABC’s motion for remission or mitigation of forfeiture simply stated that Tatum was incarcerated out-of-state. Therefore, in light of the above-cited authority, the circuit court cannot be said to have abused its discretion in denying ABC’s motion.
In its second issue, ABC contends that the circuit court abused its discretion in denying its motion for remission or mitigation of forfeiture without holding an eviden-tiary hearing.
Ala.Code 1975, § 15-13-81, provides that if a defendant fails to make the required appearances, a conditional judgment must be entered against the parties involved in providing the appearance bond, and notice of the conditional judgment is to be served on the parties. The circuit court complied with this provision.
We further note that Ala.Code 1975, § 15-13-82(a), provides:
“If the defendants appear and show sufficient cause for their default on bail, to be determined by the court, the conditional judgment must be set aside; but, if the excuse is not sufficient or if they fail to appear, stick judgment must be made absolute for the entire sum expressed in the undertaking, or any portion thereof, according to the circumstances.”
(Emphasis added.)
In the present ease, our review of the record reveals that the circuit court issued the notice of failure to appear’ and conditional bond forfeiture on January 11, 1993. This notice was served on ABC on January 14, 1993. On August 27, 1993, the circuit court issued an order declaring the conditional bond forfeiture to be a final judgment.
On September 15, 1993, eight months after the conditional bond forfeiture ivas served, ABC filed a motion for remission or mitigation of forfeiture. This motion simply stated that Tatum was incarcerated out-of-state, and it did not request a hearing on the motion.
We note that the affidavit of McCay, which outlined the process that he had used to attempt to locate Tatum (these attempts began on August 7, 1992), was not filed with this motion. The affidavit of McCay was not filed with the circuit court until the motion to supplement the record was filed on October 21, 1993. This was almost one month after the circuit court had denied ABC’s motion for remission or mitigation, of forfeiture.
Therefore, the circuit court cannot be said to have abused its discretion in denying the motion for remission or mitigation of forfeiture without an evidentiary hearing because ABC did not comply with the provisions of the conditional bond forfeiture to show cause to the circuit court within 30 days of receipt of the notice. Additionally, the grounds stated in the motion were not a sufficient excuse for default on bail. Ala.Code 1975, § 15-13-82(a).
In view of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.