THE STATE v. BLAKELY, *Appellant.*

**Pleading, Criminal**: INDICTMENT: CAPTION. The caption of an indictment forms no part of it and the name of the state need not appear either in the margin or any other part of the indictment. Where it appears on the face of the record in the trial court and in the transcript of the record in the Supreme Court that the indictment is sufficient in form and substance, and that it was properly preferred by a lawful grand jury to a court having jurisdiction of the subject, it will be held sufficient although the commencement be wholly omitted.

*Appeal from Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*L. H. Waters* for appellant.

(1) This indictment was drawn under sec. 29, G. S. 780 (R. S. 1879, sec. 1262). The offence described is a felony and no person can be proceeded against therefor but by indictment, and this is not an indictment. Con. 1865, art. 1, sec. 24 ; Con. 1875, art. 2, sec. 12. The word indictment as used in section 12 has a well defined meaning. *Ex parte Slater*, 72 Mo. 102 ; *Cox v. The State*, 8 Tex. App. 254 ; *Allen v. State*, 13 Tex. App. 28. (2) The indorsement of the foreman of the grand jury that "this is a true copy" was cause for arresting the judgment. (3) There is nothing in the indictment nor in its caption showing that it was found at any term of any circuit court in this state, and the venue is nowhere stated. It must appear on the face of the indictment that it was properly preferred by a lawful grand jury, to a court having jurisdiction over the subject, and if all this does not appear, it is error of which defendant may take advantage. *State v. Freeman*, 21 Mo. 482 ; *State v. Daniels*, 66 Mo. 205. (4) The indictment was framed on sec. 29,

G. S., p. 780 (R. S. 1879, p. 222, sec. 1262). The verdict of the jury was in these words : " We find the defendant guilty and assess his fine at one hundred dollars." It will hardly be contended that any judgment can be rendered under this indictment, on that verdict.

*D. H. McIntyre*, Attorney General, for the State.

The caption of the indictment is no part of it, and it may be wholly omitted where the record shows that the indictment is sufficient in form and substance, that it was properly preferred by a lawful grand jury and to a court having jurisdiction over the subject. *State v. Daniels*, 66 Mo. 192, and cases cited. Although the name of the state is not given the court was bound to take judicial notice of the fact that Chariton county is in the state of Missouri, and that it was within the jurisdiction of the court. The name of the state need not appear, either in the margin or in any other part of the indictment. 1 Bish. Cr. Proc. (3 Ed. ) § 383. See also cases there cited. But the matter is entirely controlled by the statute which declares that the judgment shall not be arrested or in any manner affected because of failure to state in the indictment a proper or perfect venue or any venue at all. § 1821, R. S., 1879.

NORTON, J.—Defendant was indicted at the November term, 1874, of the circuit court of Chariton county for felonious assault. The indictment is as follows :

"The grand jurors for the body of Chariton county duly summoned, empanelled and sworn upon their oaths present that on or about the 28th day of July, A. D. 1874, at the county of Chariton, one Pleasant W. Blakely, with force and arms in and upon the person of one Francis T. Mayhew, then and there being with a certain club, three feet long and one inch in diameter, which club was then and there a deadly weapon, did wilfully, maliciously and feloniously assault, strike, beat and wound with the in-

tention him, the said Francis T. Mayhew, then and there to feloniously, wilfully, maliciously and unlawfully kill, against the peace and dignity of the state.''

On the trial of the cause defendant was convicted and fined $100, and after making an unsuccessful motion in arrest of judgment prosecutes an appeal to this court. The principal grounds of the motion are, that the indictment does not allege that the offence was committed in this state and that it does not purport to be found by a grand jury of Chariton county, Missouri. The motion was properly overruled for the reason that the grounds stated did not furnish any reason authorizing the judgment to be arrested. The failure to name the state in the margin of the indictment, did not vitiate it. While it is said in 1 Bish. Cr. Proc., sec. 383, that it is customary to write the name of the state in the margin in connection with the name of the county, it is also said "that the name of the state need not appear either in the margin or in any other part of the indictment." This court in treating similar objections, in the case of *State v. Daniels*, 66 Mo. 192, reaffirmed the rule laid down in the case of *State v. Freeman*, 21 Mo. 482, where it was held "that the caption formed no part of the indictment, but it must appear on the face of the record while the cause is in the court where the indictment was found, and from the transcript of the record after its removal into this court, on appeal, or writ of error, not only that the indictment is sufficient in form and substance, but, also, that it was properly preferred by a lawful grand jury to a court having jurisdiction over the subject, and if all this does not appear, it is error of which the defendant may take advantage. But if it does appear it is sufficient although the commencement of the indictment be wholly omitted."

All these thing are shown by the record before us ; it shows that the indictment was returned into the circuit court of Chariton county, on the 19th of November, 1877, by the "grand jury of the county and state aforesaid,"

and the indictment recites "that the grand jurors for the body of Chariton county duly summoned, empanelled and sworn," etc. Besides this, section 1851, Revised Statutes, among other things, provides that no judgment shall be arrested or stayed or in any manner affected, either for want of a proper or perfect venue, or for want. of any venue at all. There being nothing in the record justifying an interference with the judgment it is hereby affirmed. All concur.