CASE 70—PETITION EQUITY—DECEMBER 14.

# Davis v. Davis.

**APPEAL FROM WOODFORD CIRCUIT COURT.**

1. DIVORCE—IMPRISONMENT FOR FELONY.—If a wife is seeking a divorce from her husband who is serving a life sentence in the penitentiary upon the ground that they had lived apart for more than five years without co-habitation, she should not be denied relief upon the ground that the living apart is not voluntary, as the separation can not be said to be without his fault.

2. DIVORCE—LIMITATION—STATUTORY CONSTRUCTION.—The provision of section 2120 of the Kentucky Statutes that the "action for divorce must be brought within five years next after the doing of the act complained of" does not apply in an action for divorce by the wife upon the ground that the husband had been convicted of felony and was confined in the penitentiary for life, but has reference to some of the many acts enumerated by the statute to be committed by either the husband or the wife entitling the other to a divorce. But even if it did apply, the condemnation for felony existed within the five years before suit was brought, although the judgment of conviction was entered more than five years before.

J. T. WILSON FOR APPELLANT.

1. The provisions of section 2120 of the Kentucky Statutes, and those of the Civil Code, section 423, sub-section 3, both treating of limitation of actions for divorce, should be construed and harmonized, if there is any conflict between them, on reasonable grounds.

   The Code is intended to set forth correct rules of procedure as to what is necessary to allege and prove in addition to a legal cause of divorce, and should be regarded and accepted as an authoritative construction of the statute of limitation as set out in the statute.

2. In the construction of statutes effect must be given to every provision, except in cases of irreconcilable conflict. 1 Duval, 407.

3. The cause of divorce, viz., the condemnation for felony, exists as much to-day as it did the day he was convicted, and has certainly been in existence within five years before the commencement of the action.

Davis v. Davis.

.3. It is the fact of living separate and apart without co-habitation for the period specified in the statute, and not the reasons for it which the statute makes the ground for divorce, and the court has no right to look behind the fact for the reasons which caused it, except for actual or constructive fraud.

4. While it is true that appellee's confinement in prison is not voluntary in the sense that he is consenting to it, but it is voluntary in the higher sense that a man must be held to be consenting to the consequences of his own unlawful act, if the act itself was voluntary. Becket v. Becket, 17 B. M., 374.

5. Before the wife can be made responsible for the costs in a suit for divorce, it must be made to appear that she is in fault and has ample estate to pay the same. Ky. Statutes, sec. 900; Ballard v. Caperton, &c., 2d Met., 412; Myer v. Myer, 3 Met., 298.

E. M. WALLACE OF COUNSEL ON SAME SIDE.

W. H. JULIAN FOR APPELLEE.

1. The expression, "condemnation for felony," signifies and means the conviction of felony, and the statutory and code provisions properly construed simply mean that the action must have been brought within five years of the time when the conviction was had.

2. The living apart contemplated by the statute must be voluntary in order to constitute a ground for divorce, and really contemplates and embraces abandonment by one or the other, or both parties; and the fact that appellee is confined in the prison can not in any sense be said to be voluntary. Becket v. Becket, 17 B. M., 374; Pile v. Pile, 15 Ky. Law Rep., 88.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Appellant and appellee were married in 1881 and lived together until 1884, when appellee was convicted of murder and sentenced to the penitentiary for life, where he still remains. In January, 1896, appellant instituted this action for divorce, relying on two grounds therefor:

1st. Living apart without any cohabitation for five years next before the application.

2d. Condemnation for felony in this State.

These grounds are set out in subsection 2 and 3 of section 2117 of the Kentucky Statutes. Appellant also averred that

her cause of action accrued and existed within five years. next before the commencement of her action.

In section 2120 of the statutes it is provided that the "action for divorce must be brought within five years next after the doing of the act complained of," but in section 423 of the Civil Code it is provided that a plaintiff, to obtain a divorce, must allege and prove, in addition to a legal cause of divorce:

3d. That the cause of divorce occurred or existed within five years next before the commencement of the action.

The chancellor denied the appellant relief solely on the ground that the living apart "was not voluntary" and that the condemnation for felony meant conviction for felony, and as that had not occurred within five years next before this action was instituted she was not entitled to a divorce on that ground. We think the chancellor was in error as to both grounds. It is true that in Pile v. Pile, 94 Ky., 308, the husband was denied a divorce on the grounds of lunacy and abandonment for five years, but the court said: "Here the wife has a mind diseased without her fault, and has never abandoned her husband, but is now confined in an asylum for the insane by his consent and direction."

Here the husband is confined in the penitentiary for life after a conviction for crime, and the separation certainly can not be said to be without his fault, though it is wholly without the fault of plaintiff. Again, we think the condemnation for felony existed within the five years before suit was brought, although the judgment of conviction was entered more than five years before. Such condemnation must exist at least as long as the judgment is in force. The

statute may be thus construed even if held applicable to this particular ground of divorce.

We are inclined to think, however, that it is not applicable.   The doing of the act complained of, mentioned in the statute, would seem to have reference to some of the many acts set out in the statute to be committed by either the husband or wife entitling the other to a divorce.   Here the condemnation was not the act of the husband, but an act by the State.   It follows further, from what we have said, that the order of allowance to Edwards as guardian *ad litem* to be paid by the wife is erroneous, as under the statute this is to be paid by the husband.   (Section 900, Kentucky Statutes.)

Judgment is reversed for proceedings consistent herewith.