## Messick v. Messick.

(Decided October 23, 1917.)

### Appeal from Fayette Circuit Court.

Divorce—Living Apart for Five Years Without Cohabitation—Insanity of Husband—Effect.—"Living apart without cohabitation for five consecutive years next before the application" is not ground for divorce in a suit by the wife where the separation was due entirely to the insanity of the husband and his consequent confinement in the asylum.

E. L. HUTCHINSON for appellant.

HOGAN YANCEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this suit for divorce by Maggie Messick against Bascom Messick, a demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

One of the statutory grounds for divorce is "living apart without any cohabitation for five consecutive years next before the application." Subsection 2, section 2117, Kentucky Statutes. It appears from the petition that the plaintiff and defendant were married on December 26, 1894, and thereafter lived together as man and wife until December 13, 1910, when the defendant was adjudged a person of unsound mind by the Fayette

circuit court, and committed to the Eastern Kentucky Lunatic Asylum. Ever since that time he has been confined in the asylum, and thus he and plaintiff have lived separate and apart without cohabitation for a period of more than five years next preceding the institution of the action. It further appears that defendant is now an incurable lunatic. It will thus be seen that plaintiff does not rely on the insanity of her husband as a ground for divorce, but on the ground that they have lived apart without cohabitation for five consecutive years, and the allegations respecting her husband's insanity are for the purpose of raising the question whether the statutory ground is applicable to a case where during the period of separation the defendant is confined in the asylum as an incurable lunatic.

In support of the affirmative of this proposition, counsel for plaintiff has presented a very able and interesting argument along the following lines: The statutory provision is without qualification. It does not make the right to a divorce depend on the fault of either party, or on whether the separation is the voluntary or involuntary act of the parties. On the contrary, it makes the living apart for the period fixed by the statute an absolute and unrestricted ground for divorce. This position, it is claimed, finds support in the decision of this court in the case of Davis v. Davis, 102 Ky. 442, where it was held that the wife was entitled to a divorce although during the period of separation, the husband was confined in the penitentiary. Some stress is also placed on the ruling of this court in the case of Andrews v. Andrews' Committee, 27 Ky. Law Rep 1119, that where a cause of divorce had accrued to the husband, the subsequent insanity of the wife did not prevent his obtaining a divorce upon grounds arising before the judgment of lunacy. It is further pointed out that the case of Pile v. Pile, 94 Ky. 308, is not controlling because the divorce was there asked ''on the ground of lunacy and abandonment for five years,'' and the court merely held that lunacy was not a ground for divorce and that the wife who had been confined in the asylum by the consent and direction of the husband, had never abandoned him. That case was right, it is claimed, because lunacy is not a ground for divorce, and abandonment, which necessarily includes both the act of leaving and the purpose to leave, necessarily carries with it the idea of volition. But in this case, it is pointed out, the suit is neither for abandonment nor

for lunacy. The application is based on the sole ground of living apart, which does not necessarily imply volition or purpose, but is a mere condition which may have resulted without the intention of either party and even against the will of·both parties. Emphasis is also placed on the fact that the plaintiff in this case has a number of infant children and that she and her children are as effectually deprived of the love and ministrations of the husband and father as if he were dead; and much more so than if he were merely confined in the penitentiary, for in the latter instance, they might indulge the hope that he would be paroled or pardoned. In conclusion it is contended that as the statute makes living apart without cohabitation for five consecutive years next before the application, an absolute and unqualified ground for divorce, the courts should not annex thereto any conditions which the legislature itself did not see fit to impose.

' Though conceding the force of this argument, we are constrained to take a different view of the question. When carefully analyzed, the case of Davis v. Davis, *supra,* does not announce the rule that the living apart need not be voluntary. It is true that the court did hold that a separation for more than five years due to a husband's confinement in the penitentiary during that period, was a sufficient ground of divorce under the statute. In reaching this conclusion, however, the court took into consideration the fact that although his confinement was due to an act of law, yet it was the result of his own conscious act for the consequences of which he was alone responsible. It is clear, we think, that the legislature did not intend to declare that a living apart which was in no sense due to the conscious act of either of the parties, but was due alone to an act of law resulting entirely from the mental condition of one of the parties for which he was in no sense responsible, should be a ground of divorce. While this court has not heretofore passed on the precise question, this is the ruling of the Superior Court in the case of Ferguson v. Ferguson, 8 Ky. Law Rep. 428, where it was held that while a divorce may be granted to both husband and wife who have lived separate and apart without cohabitation for five consecutive years next before the application, the statute assumes that the parties have lived separate and apart because of their mutual purpose to do so, or because one so determined and the other acquiesced. The wife was, there-

fore, denied a divorce from her husband, who was confined in an insane asylum, because "he neither actively nor passively contributed to the separation." A contrary view would in effect make permanent insanity a ground of divorce, a doctrine that has often been repudiated by this court. It follows that the demurrer to the petition was properly sustained.

Judgment sustained.

Whole court sitting.