Isom Wilson, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

Opinion Filed June 26, 1919.

1. An indictment commencing as follows: "IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, for Jackson County, at the Fall Term thereof in the year A D. 1912.
   "THE GRAND JURY FOR THE STATE OF FLORIDA, inquiring in and for the County of————, upon their oaths, do present," is not fatally defective because of the omission from the caption of the name 'of the county in which the inquiry is made by the grand jury, and this is especially so in view of the provisions of Section 3962 General Statutes of Florida, 1906, Compiled Laws, 1914.

2. This court takes judicial notice 'of the changes of Judicial Circuits of this State.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Judgment affirmed.

*W. E. B. Smith,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

West, J.—Plaintiff in error was indicted on the 20th day of November, 1902, upon a charge of murder. On the 12th day of February, 1919, a motion to quash the indictment was made upon the following grounds: that the indictment is vague, indefinite and uncertain and does not sufficiently charge the defendant with any offense; that it

does not show that he was indicted by a competent grand jury, nor by a grand jury of the county in which the offense is alleged. This motion was denied by the trial court and error is assigned upon this ruling.

The principal contention under this assignment is that the omission of the name of the county in which the inquiry was made by the grand jury returning the indictment is fatal to the indictment.

So much of the indictment as is necessary to be examined in the consideration of this question reads as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

"IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, for Jackson County, at the Fall Term thereof in the year A. D. 1902.

"THE GRAND JURY FOR THE STATE OF FLORIDA, inquiring in and for the County of .............., upon their oaths, do present  *  *  *." Then follow apt words and necessary averments charging the defendant with the crime of murder in the first degree.

There is some difference of opinion expressed in the adjudicated cases upon the question of where the caption of an indictment ends and where the charge begins, but we think the quoted paragraph of the indictment in this case in which the omission occurs may be regarded as the caption, as to which amendments may be allowed, and, in any event, such omission is not fatal to the validity of the indictment. 14 R. C. L. 163; State v. Pearce, 14 Fla. 153; People v. Bennett, 37 N. Y. 117, 93 Am. Dec. 551; State

v. Blakely, 83 Mo. 359; George v. People, 167 Ill. 447, 47 N. E. Rep. 741; State v. Moore, 24 S. C. 150, 58 Am. Rep. 241.

In the case of State v. Moore, *supra*, the precise question arising here was presented and considered by the court and a contrary conclusion to that urged in the brief in behalf of plaintiff in error was reached. It was there held, as it had been previously held by that court, that the caption of an indictment ends with the words "upon their oath present," and that as to the caption the strict rules of pleading which apply to the charging part of an indictment are not applicable. The court said: "But is the omission of this word a legal defect? We think not; because though the word itself does not appear, yet in substance and proper intendment it is there. As we have seen, the caption of an indictment in this State does not end until it reaches the words, 'upon their oaths do present.' Down to that point, all the preceding part constitutes the caption. When the county of Abbeville then is used in the preceding part, and when immediately following comes 'the jurors of and for the county of . . . . . . . . . . aforesaid,' is not that in substance saying the county of Abbeville?"

The only possible difference between that case and the case under consideration is in the use of the word "aforesaid" after the blank space where the name of the county should be, but it appears from the quoted portion of the indictment in this case that the inquiry was made in the Circuit Court of the First Judicial Circuit for Jackson County at a certain term in a stated year.

Aside from this it is provided by Section 3962, General Statutes of Florida, 1906, Compiled Laws, 1914, that: "No indictment shall be quashed or judgment arrested or new

trial be granted on account of any defect in the form of the indictment, or of misjoinder of offences or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offence."

The defect in the indictment is clearly we think such a one as is cured by this statute, and the contention on this branch of the case fails.

This court takes judicial notice of the changes in the Judicial Circuits in the State since the finding of the indictment in this case.

The verdict found the defendant guilty of murder in the second degree. It is amply supported by the evidence and has the sanction of the trial judge. This court will therefore not disturb it.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.