(89 South. 512)

## BARRINGTON v. BARRINGTON.
### (3 Div. 485.)

(Supreme Court of Alabama. May 13, 1921. Rehearing Denied June 20, 1921.)

**1. Constitutional law ⊂⇒251—Due process of law requires uniformity of operation.**

In order that a statute may comply with the necessary requirements of Const. U. S. Amend. 14, as to due process of law, it must not violate the limitations as to classification imposed by the constitutional inhibition as to the denial of the equal protection of the laws, and the test is that, if the law under consideration operates equally upon all who come within the class to be affected, embracing all persons who are or may be in like situation and circumstances, and the designation of the class is reasonable, not unjust or capricious or arbitrary, but based upon a real distinction, the law does operate uniformly, and if, added to this, the law is enforced by usual and appropriate methods, the requirement as to due process of law is satisfied.

**2. Marriage ⊂⇒2—Regulation within exclusive province of state.**

When the subject of legislation is one exclusively within the jurisdiction of the state the federal court recognizes a wide discretion in the exercise of its powers with respect to the details of legislation and the exceptions that may properly be made to its operation and the regulation of marriage and divorce has

been fully recognized as a matter within the exclusive province of the Legislatures of the states.

**3. Constitutional law ⊕⇒249, 305—Divorce ⊕⇒13—Statute permitting wife alone to sue for divorce held valid.**

Code 1907, § 3795, as amended by Gen. Acts 1919, p. 878, does not deny due process of law or equal protection of the law in violation of Const. U. S. Amend. 14, in authorizing the wife to sue for and obtain a divorce because of a status of separation and nonsupport, for which the husband may not have been responsible either as to its origin or continuation, and does not permit the husband to likewise sue for divorce.

Sayre and Thomas, JJ., dissenting.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Mary W. Barrington against Richard L. Barrington for divorce. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

Charles Wallace Collins, of Washington, D. C., and Holloway & Hill and Henry C. Meader, all of Montgomery, for appellant.

The bill is insufficient in the averment of cause. 39 Ala. 349; 1 Bishop on M. & D. § 5; 19 C. J. 108; 200 Ala. 315, 76 South. 81. The statute is arbitrary and unreasonable. 169 U. S. 385, 18 Sup. Ct. 383, 42 L. Ed. 780; 134 U. S. 160, 10 Sup. Ct. 384, 33 L. Ed. 835; 137 U. S. 483, 11 Sup. Ct. 143, 34 L. Ed. 734; 184 U. S. 560, 22 Sup. Ct. 431, 46 L. Ed. 679; 183 U. S. 79, 22 Sup. Ct. 30, 46 L. Ed. 92; 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; 200 Ala. 315, 76 South. 81; 216 U. S. 412, 30 Sup. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247; 216 U. S. 28, 30 Sup. Ct. 190, 54 L. Ed. 355; 226 U. S. 127, 33 Sup. Ct. 73, 57 L. Ed. 152; 198 U. S. 56, 25 Sup. Ct. 539, 49 L. Ed. 937, 3 Ann. Cas. 1133; 15 Ala. 779; 173 Mich. 452, 138 N. W. 1076, 43 L. R. A. (N. S.) 261. The statute denied due process of law. 147 Ala. 376, 41 South. 816; 113 Ala. 276, 21 South. 213; 94 Ala. 191, 10 South. 659; 170 Ala. 57, 54 South. 109, Ann. Cas. 1912C, 1065; 54 N. J. Eq. 692, 35 Atl. 1065, 37 Atl. 1106, 36 L. R. A. 221, 55 Am. St. Rep. 602; 4 Wheat. 629, 4 L. Ed. 629.

John S. Tilley, Steiner, Crum & Weil and Hill, Hill, Whiting & Thomas, all of Montgomery, for appellee.

The Legislature has complete control of the marriage relation and the exclusive power to prescribe grounds for divorce. 125 U. S. 190, 8 Sup. Ct. 723, 31 L. Ed. 654; 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366; 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Bishop, M. & D. § 280; 58 Ala. 443; 95 Ala. 443, 11 South. 11, 18 L. R. A. 95; 200 Ala. 318, 76 South. 81; 173 Ala. 111, 55 South. 632; 90 Wis. 272, 63 N. W. 83, 31 L. R. A. 515, 48 Am. St. Rep. 928; 40 Mont. 348, 106 Pac. 353, 26 L. R. A. (N. S.) 490, 20 Ann. Cas. 339; 19 C. J. 36. The only limitation is pointed out in 95 Ala. 443, 11 South. 11, 18 L. R. A. 95. Class legislation is not objectionable, if reasonable. 193 Ala. 218, 68 South. 969; 181 Ala. 314, 61 South. 920, 45 L. R. A. (N. S.) 575; 36 Cyc. 993; 8 Cyc. 1051–1059, 1073. A large discretion is lodged in the Legislature as to the exercise of the police power. 160 Ala. 650, 49 South. 395, and authorities supra. The argument of appellant should be addressed to the Legislature, and not to the court. 186 Ala. 645, 65 South. 287.

SOMERVILLE, J. The bill of complaint is filed under section 3795 of the Code as amended by the act of September 30; 1919 (Gen. Acts 1919, p. 878), which authorizes divorces as follows:

"To wife in case of cruelty or nonsupport by husband. In favor of the wife when the husband has committed actual violence on her person, attended with danger to life or health, or when from his conduct there is reasonable apprehension of such violence; or when the wife has lived, or shall have lived separate and apart from the bed and board of the husband for five years and without support from him for two years next preceding the filing of the bill, and she has bona fide resided in this state during said period."

Under a bill filed by this complainant under a former amendment of section 3795 (Gen. Acts 1915, p. 370), similar to the present amendment, relief was denied on the ground that that provision was not retroactive upon a period of separation antedating the act. Barrington v. Barrington, 200 Ala. 315, 76 South. 81. In that case the constitutionality of the act was attacked, but decision thereon was pretermitted as unnecessary. The question was, however, discussed in the dissenting opinion of Mr. Justice McClellan, with the conclusion that the act was free from constitutional objection, a view in which the present writer fully concurred.

With respect to the present bill, its sufficiency and its equity are challenged by demurrer, and the questions presented are: (1) Whether its allegations of fact are sufficiently specific; and (2) whether the act under which it seeks relief is in violation of one or both of the constitutional guaranties of "due process of law," and of "the equal protection of the laws," as found in the Fourteenth Amendment to the federal Constitution.

[1] 1. Every fact necessary to the relief prayed, as prescribed by the statute itself, is categorically alleged in the bill, and it must be pronounced sufficient in that respect.

2. Due process of law guaranteed by the federal Constitution has been defined in terms

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
206 ALA.—13

of the equal protection of the laws, that is, as being secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice. Caldwell v. Texas, 137 U. S. 692, 11 Sup. Ct. 224, 34 L. Ed. 816; Leeper v. Texas, 139 U. S. 462, 11 Sup. Ct. 577, 35 L. Ed. 225. "In order that a statute may comply with the necessary requirements as to due process of law, it must not violate the limitations as to classification imposed by the constitutional inhibition as to the denial of the equal protection of the laws. Thus the test with respect to the requirement of due process of law seems to be that if the law under consideration operates equally upon all who come within the class to be affected, embracing all persons who are or may be in like situation and circumstances, and the designation of the class is reasonable, not unjust or capricious or arbitrary, but based upon a real distinction, the law does operate uniformly, and if, added to this, the law is enforced by usual and appropriate methods, the requirement as to 'due process of law' is satisfied." 6 R. C. L. p. 372, § 367.

[2] When the subject of legislation is one exclusively within the jurisdiction of the state, the federal court recognizes a wide discretion in the exercise of its powers with respect to the details of legislation and the exceptions that may properly be made to its operation. Watson v. Maryland, 218 U. S. 173, 30 Sup. Ct. 644, 54 L. Ed. 987; Griffith v. Connecticut, 218 U. S. 563, 31 Sup. Ct. 132, 54 L. Ed. 1157. And the regulation of marriage and divorce has been fully recognized as a matter within the exclusive province of the Legislatures of the states. Maynard v. Hill, 125 U. S. 190, 8 Sup. Ct. 723, 31 L. Ed. 654; Andrews v. Andrews, 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Green v. State, 58 Ala. 190, 193, 29 Am. Rep. 739; 9 R. C. L. p. 245, § 5; Cooley on Const. Limitations, 154.

[3] The offense imputed to the statute now under consideration, as an argument for its unconstitutionality, is that it authorizes the wife alone to sue for and obtain a divorce because of a status for separation and nonsupport for which the husband may not have been responsible either as to its origin or continuation.

So far as the policy of the statute is concerned, it is clear that it has no regard for the question of marital fault or provocation in or by either party. Manifestly it intends to deal simply with a social and economic status—a fait accompli; and, the remedy of divorce being already available to the husband who has not consented thereto, it extends the same remedy to the wife. The object is to put an end to a situation of the parties which is barren of good, capable of evil, and probably irremediable by any other means. Such a legislative policy, whether wise or not, is not within the revisory power of the courts; and, indeed, it would seem to be in accord with the views of so thoughtful a student of the subject as Mr. Bishop, who remarks that—

"A sound policy would concur with private right in demanding the dissolution of marriages which had failed to accomplish substantially the ends for which they were created."

The period of separation required by this statute seems sufficiently long to discourage any whimsical or capricious withdrawal by the wife from the shelter of the conjugal relation, unless such action be founded upon a social aversion or a temperamental incompatibility too radical and too persistent to permit of any rational hope for its removal.

In giving to the wife the right of divorce under the conditions prescribed, and at the same time withholding that right from the husband unless those conditions resulted from the voluntary act of the wife, we think that the Legislature was in the exercise of a permissible discretion, operating upon the moral, social, economical, and physical differences which distinguish the sexes and divide them into natural classes, and which have always invited or demanded, and, in the eyes of the law, justified, many differences or inequalities in legislative treatment. Our Code abounds in examples. The wife may by will deprive her husband absolutely of any interest in her estate if he survives her, which the husband cannot do as to her; the husband may become her surety, but she cannot become his; the husband may convey his lands without her consent, subject only to her contingent and limited dower right, but she cannot convey hers except with his written consent by joinder; the husband is bound to support the wife, but not the wife the husband; a married woman 18 years of age is relieved of the disabilities of infancy, but not so a married man under 21. If a man of 16 marries a woman of 15, the man may avoid the marriage if he acts before he is 17, but the woman cannot. So, the statute authorizes a divorce in favor of the wife for the cruelty of the husband, but not in favor of the husband for the cruelty of the wife; and she is entitled to alimony, though he is not.

An interesting example of valid but unequal legislation was dealt with in the case of Peterson v. Widule, 157 Wis. 641, 147 N. W. 966, 52 L. R. A. (N. S) 778, Ann. Cas. 1916B, 1040, wherein the Wisconsin court upheld the so-called "eugenics statute" (St. 1913, § 2339m), requiring a physician's certificate of freedom from venereal disease from every male applicant for a marriage license, with no such requirement as to females. It was contended that the classification was un-

reasonable and discriminatory in that respect, but the court said:

"Classification is not to be condemned because there may be occasional instances in which it does not fit the situation; it is proper if the great mass of situations to which the law applies justify the formation of a class and the application of some special or different legislative provisions to that class."

Specifically, as to the case under consideration, the single factor of the husband's legal duty to shelter and support the wife, and the demoralizing impolicy of grounding an equitable remedy in his favor upon his repudiation or evasion of that important and necessary duty, is a sufficient basis for the discriminatory favor here shown to the wife.

Other bases for a just discrimination may be found also in the greater economic dependence of the wife, in the various conventional inhibitions which restrain the freedom of her social life, and perhaps in her greater natural reluctance to abandon the relation so long as it may seem endurable.

We hold that the statute as amended does not offend any provision of the Constitution, state or federal, and that the demurrer to the bill of complaint was properly overruled.

Let the decree of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, GARDNER, and MILLER, JJ., concur.
SAYRE and THOMAS, JJ., dissent.