34 So.2d 157

### GARDNER v. GARDNER.

### 8 Div. 419.

Supreme Court of Alabama.

Feb. 19, 1948.

Wm. C. Rayburn, of Guntersville, for appellant.

H. H. Conway, of Albertville, for appellee.

FOSTER, Justice.

This suit originated with a bill in equity praying for a divorce from appellee on the ground of adultery. Defendant made answer and crossbill seeking a divorce on the ground provided by section 22, Title 34, Code, that she has lived separate and

apart from the bed and board of plaintiff for two years and without support from him during that period next before filing her crossbill, and has lived all that time in Alabama.

In answer to the charge of adultery, on which plaintiff sought a divorce, defendant referred to a former proceeding between the parties in the same court in which plaintiff sued her for a divorce on the same ground, in which the court determined and held that she was not guilty of adultery, denied relief to plaintiff and ordered him to pay into court $20 a month for the support of their children, and awarded their custody to defendant, but made no provision for maintenance of defendant. Plaintiff appealed from that decree, and it was affirmed by this Court, and application for rehearing denied. The instant bill was filed the next day after the rehearing was denied, and is alleged to be a "repetition of said former cause." The former suit is reported in 248 Ala. 508, 28 So.2d 559.

■ Such defensive matter may be incorporated in the answer without a special plea. Equity Rule 16, Code 1940, Tit. 7 Appendix. The answer recites matter which with the record on the former appeal, referred to in the answer, is sufficient to present the defense of res judicata. 27 Corpus Juris Secundum, Divorce, § 174.

In the answer to the crossbill, plaintiff alleges that the decree denying him relief was based on perjured and false testimony, but admits that "this bill of complaint is a repetition of the former case but was made necessary by the false statements of respondent." But that at a time which was after the decree in the former case was rendered by the trial court and pending appeal to this Court, and on August 14, 1945, defendant gave birth to a child, whereas both parties agree that the last time they cohabited before that day was September 26, 1944, when they finally separated, and also agree that since that time they have had no intercourse. Wherefore plaintiff claims that by reason of this subsequent event, which was not available to prove before the final decree in the former case, nor on the appeal in that case, the decree in that case ought not to be binding since that situation is claimed to be positive proof that defendant did have intercourse with another man after September 26, 1944.

As we have said, these allegations were by way of answer to the crossbill seeking divorce by defendant for nonsupport during the two years separation.

■ It is in one aspect in the nature of rebuttal to the claim in the answer that the former decree is conclusive against plaintiff on his bill for divorce. But this can only be presented in rebuttal of that claim by an amendment of the original bill. Equity Rule 27.

■ Insofar as it seeks to make defense on account of false swearing and fraud charged to defendant, it merely undertakes to retry an issue which was decided on the former trial. This is not available, but, even so, such a claim can only be sought by a bill in the nature of a bill of review. Miller v. Miller, 238 Ala. 228, 189 So. 768, 769; Sloss-Sheffield Steel & Iron Co. v. Lang, 213 Ala. 412, 104 So. 770; Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33; DeSota Coal Mining & Development Co. v. Hill, 194 Ala. 537, 69 So. 948; Eskridge v. Brown, 208 Ala. 210, 94 So. 353; Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153.

■ But it is sometimes stated that a bill of review is available to set aside a decree, for subsequently discovered evidence. McCall v. McCurdy, 69 Ala. 65; Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Stuart v. Strickland, 203 Ala. 502, 82 So. 600; 30 Corpus Juris Secundum, Equity, § 645. But it has been pointed out that relief for such cause alone is not so available when adequate remedy exists otherwise. DeSoto Coal Mining & Development Co. v. Hill, 188 Ala. 667, 65 So. 988.

■ The matter here set up is not newly discovered evidence, but evidence of facts coming into being after the former decree was rendered, and at a time when it could not be used as a basis for a new trial in that court. It was available by a bill of review,—Louisville & N. R. Co. v. Mauter, 203 Ala. 237, 82 So. 487; Cochran v. Rison, 20 Ala. 463; 30 Corpus Ju-

ris Secundum, Equity, § 646,—in the nature of a supplemental bill. Bartee v. Matthews, 212 Ala. 667, 103 So. 874; Patton v. Darden, 227 Ala. 129, 148 So. 806. Leave to file was not necessary under Equity Rule 66.

Our system of pleading does not allow such a claim to be made in equity by what is in substance a replication to a defense of res judicata set up in the answer. The only proper method of making such a claim against the effectiveness of a former decree set up in an answer in equity is, as we have shown, by an amendment of the original bill. That has not been done here, and therefore proper steps have not been taken to obtain the benefit of the facts subsequently occurring as a defense to the claim of res judicata. So we cannot consider it further in that connection.

But it is also asserted as an answer to the crossbill so as to prevent defendant on her crossbill from obtaining a divorce for nonsupport under section 22, Title 34, Code. That is in favor of the wife when she "has lived, or shall have lived separate and apart from the bed and board of the husband for two years and without support from him for two years next preceding the filing of the bill; and she has bona fide resided in this state during said period." That situation is shown by the allegations and proof to have occurred on the basis of which the trial court granted her a divorce.

The question therefore is whether the answer to the crossbill and evidence show any matter which should prevent the wife from obtaining the benefit of that statute, considering that she has shown the existence of those things mentioned in the statute as sufficient to entitle her to a decree of divorce. It was said in connection with this statute, "so far as the policy of the statute is concerned, it is clear that it has no regard for the question of marital fault or provocation in or by either party." Barrington v. Barrington, 206 Ala. 192, 89 So. 512, 513, 17 A.L.R. 789.

It was said in Knabe v. Berman, 234 Ala. 433, 175 So. 354, 355, 111 A.L.R. 864, that "It is evident that the Legislature made a distinct departure in this enactment, and followed it with a change of policy in respect to alimony," so as to make the matter of alimony discretionary with the court dependent upon circumstances. See, sections 30, 31 and 32, Title 34, Code.

The terms of the statute are clear and precise, and its benefits in this respect are not by its terms conditioned upon the fault of the husband in not providing support, nor upon the absence of fault in the wife. And her voluntary act in leaving her husband, her improper conduct justifying him in leaving, or refusal to receive and accept maintenance from him without good reason, would not seem to be sufficient to deny her relief. That is the meaning of the statute as interpreted in the cases, supra.

Upon that theory, a wife may commit acts of adultery or other misconduct and cause her husband to leave her, or she may do so and leave him voluntarily and continue to commit such acts while living apart from him, but if she does not receive support from him for two years next before filing the bill by her, though in doing so she refuses his offer of support, or if he is unable to provide such support, she may nevertheless get a divorce on account of their separation with nonsupport for those two years, provided only she has bona fide resided in this state during said period. And those statutes in other states in such broad terms have been given effect as expressed, on the theory that it is not a question of fault by either party, but of absence of probability of their being able to live together in such manner as is for the best interest of themselves and of society. George v. George, 56 Nev. 12, 41 P.2d 1059, 97 A.L.R. 983, Anno. 986; North v. North, 164 La. 293, 113 So. 852.

Such is the nature of our statute. We cannot engraft into it features left out by the legislature.

We think therefore that although the evidence may be sufficient to show that defendant gave birth to a child occurring for such length of time after their separation and cohabitation as that plaintiff could not have been the father of the child (see,

Bullock v. Knox, 96 Ala. 195, 11 So. 339), that circumstance would not prevent her from obtaining a divorce under the non-support feature of section 22, Title 34, supra, upon a showing meeting its requirements. That was done in this case, and the decree to that effect should not be reversed on any account here set up. But in the exercise of our discretion, as provided in section 23, Title 34, Code, as amended by the Act of July 10, 1943, Acts 1943, page 569, it is ordered that both parties are permitted to marry again.

Modified and affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.