151 So.2d 219

C. L. NICHOLS

v.

Della NICHOLS.

6 Div. 942.

Supreme Court of Alabama.

March 14, 1963.

Jack Martin Bains, Oneonta, for appellant.

Nash, NeSmith & Walker, Oneonta, for appellee.

SIMPSON, Justice.

This is an appeal from a decree a vinculo matrimonii rendered by the Blount County Circuit Court, in Equity, in favor of complainant, and respondent brings this appeal. The lower court also granted permanent alimony to complainant consisting of one-half of respondent's realty.

The evidence was by deposition taken before the Register and there is, therefore, no presumption indulged in favor of the ruling of the trial court. Likewise, the burden of proof was upon the complainant to establish statutory grounds for divorce. Barnett v. Barnett, 266 Ala. 489, 97 So.2d 809; Pope v. Pope, 268 Ala. 513, 109 So.2d 521.

The bill was framed under § 22, Title 34, Code of Ala.1940, as Amended, which provides, in substance, that a divorce may be granted in favor of the wife when she has lived separate and apart from the bed and board of the husband for two years and without support from him for two years next preceding the filing of the bill; and she has bona fide resided in this state during said period.

Concededly, appellee lived separate and apart from appellant for the requisite two-year period. The sole question is whether the evidence supports the finding of the trial court that her living separate and apart from her husband was without support from him. On a careful scrutiny of the record we have concluded that the learned trial court was in error in ruling in the affirmative on this question. The evidence impresses us as rather conclusive that the respondent paid to his wife from the beginning of their last separation in 1958 until the trial in 1962, $20.00 per month, being in the form of cashier's checks, payable to appellee, which checks were endorsed and cashed by her. Appellee contends that these payments were not for her support but for their children. The evidence, however, does not impress us that such payments were to be restricted for the use of the children, nor was there any evidence of any direction as to how the monthly payments should be used except, of course, some part of appellee's testimony, which leaves us unconvinced. Appellant testified that he made these payments to his wife to use as she saw fit and his testimony is somewhat corroborated by that of Grady Nesmith, assistant cashier of the State National Bank, who was familiar with the transaction. Moreover, appellee admitted that she received benefit from the checks. Quoting from her direct testimony:

> "Q  Have you utilized any portion of the $20.00 per month for your own benefit or has it been for the benefit of the girls?
>
> *    *    *    *    *    *
>
> "A  It was used for groceries and their cloths [sic], if it was groceries I helped eat them just like they did."

Considering this testimony, in connection with the fact that the checks were made payable to appellee without restriction as to how they were to be spent, the fact that appellant contributed additionally to the upkeep and welfare of the two children and that he gave the checks to his wife for her

use makes the conclusion apparent that appellee did not live for two years "without support" from her husband. In this connection we also take note of the numerous bills for women's wearing apparel charged to, and paid for, by appellant, totalling some $2,500.00.

It results as our opinion that the appellee failed to sustain the burden of proof entitling her to a divorce under said § 22. See Wallace v. Wallace, 269 Ala. 438, 113 So.2d 684; Gardner v. Gardner, 250 Ala. 251, 34 So.2d 157; Barrington v. Barrington, 206 Ala. 192, 89 So. 512, 17 A.L.R. 789, for interpretation and application of the pertinent aspect of § 22.

The decree is reversed and the cause remanded to the lower court to set aside said decree in toto.

Reversed and remanded with directions.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.