Piercy v. The People.

---

JOHN W. PIERCY ET AL.

v.

THE PEOPLE, etc.

10    219
94   ³251

1.  RECOGNIZANCE — SURETIES NOT EXONERATED BY SICKNESS OF PRINCIPAL.—To a *sci. fa.* on a recognizance, the sureties pleaded that the principal was dangerously sick in another State and could not be surrendered without great danger of his life. *Held,* insufficient to exonerate the sureties. Nothing but the death of the principal is such an act of God as will discharge the sureties.

2.  JUDGMENT UPON ONE NIHIL.—Formerly two *nihils* were necessary before orders could be taken against a defendant not personally served, but since the act of March 31, 1869, a return of one *nihil* is sufficient.

3.  JUDGMENT WITHOUT DEFAULT ENTERED OF RECORD.—It is error to take a judgment and assess damages against a defendant not served or appearing in the cause, without first entering his default of record.

ERROR to the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed January 17, 1882.

Mr. NEWTON B. REED, for plaintiff in error; that a return of two *nihils* are necessary before orders can be taken against an absent defendant, cited Stokes v. The People, 63 Ill. 489; Lytle

v. The People, 47 Ill. 422; Sans v. The People, 3 Gilm. 326; Alley v. The People, 1 Gilm. 109; Criminal Code, § 310.

Mr. EDWARD REARDON and Messrs. PRETTYMAN & SONS for defendant in error; that a fugitive from justice can not be heard, or any one for him, cited Edwards v. Republic, 11 Cent. Law Jour. 399; The People v. Redinger, 11 Cent. Law Jour. 350·

Sickness of the principal will not exonerate the sureties: Dewey v. Union School District, 10 Cent. Law Jour. 426; United States v. Thomas, 15 Wall. 357; The People v. Manning, 8 Cow. 296; 2 Bac. Abr. 335; Ginrich v. The People, 34 Ill. 448.

A return of one *nihil* is sufficient: Rietzell v. The People, 72 Ill. 416; Crim. Code, § 310; Bowden v. Bowden, 75 Ill. 111.

DAVIS, J. This was a *scire facias* upon a recognizance, issued against John W. Piercy, as principal, and John R. Piper and Thomas Parker, as sureties, to the sheriffs of McLean and Tazewell counties, respectively. The writ to McLean county was returned served on J. R. Piper and Thomas Parker, and the one to Tazewell county was returned "not found," as to all the plaintiffs in error.

A plea to the jurisdiction of the court was filed by John Piper and Thomas Parker, to which a demurrer was interposed by defendant in error, and sustained by the court.

A plea of *nul tiel record* was also filed by the same plaintiffs in error, and also the following plea: "And the said defendants, John Piper and Thomas Parker, for further plea to said writ of *scire facias*, say *actio non*, because they say that the said John W. Piercy, principal in said recognizance, on the first day of the November term, 1880, and from that time hitherto, was and still is violently sick in the State of Kentucky, and was so sick at the time last stated, and from that time hitherto has remained so sick, that he could not be brought from said State of Kentucky to the city of Pekin, Tazewell county, Illinois, and surrendered in open court, or to any officer, by his sureties, without great danger of the loss of his life, and this the said defendants, John Piper and Thomas Parker, are ready to verify, wherefore they pray judgment, etc."

To the foregoing plea, defendant in error interposed a demurrer, which was sustained by the court, and thereupon, by agreement, a jury was waived and the cause tried by the court on the issue joined on the plea of *nul tiel record*.

On the hearing, a judgment was rendered by the court, that the judgment of forfeiture be made absolute, and that the defendant in error have and recover of the said John W. Piercy as principal, and J. R. Piper and Thomas Parker as sureties, the sum of eight hundred dollars, together with costs, etc., and that defendant in error have execution therefor, etc.

From this judgment the plaintiffs in error bring the case to this court by their writ of error.

Numerous errors have been assigned by the plaintiffs, but we will notice only those deemed the most important.

One is, that the court below erred in sustaining the demurrer to plaintiff's plea of sickness of principal. It is claimed that the violent sickness which prevented the principal from being brought from Kentucky to the place of holding court, and surrendered in open court by his cognizors, was an act of God, which, under Sec. 312 of the Criminal Code of 1874, exonerated them and entitled them to a discharge. We do not so construe that section. Nothing but the death of the principal is such an act of God, as will discharge the sureties under the law.

It is also assigned for error that the court below rendered judgment against Piercy, when there had been only one return of *nihil* as to him. Formerly two *nihils* were necessary before orders could be taken against a defendant not personally served, but since the act of March 31, 1869, took effect, the provisions of which are incorporated in our Criminal Code of 1874, the return of one *nihil* is sufficient. Revised Statutes of 1878, Sec. 310, page 397; Rietzell v. The People, 72 Ill. 111.

Another error assigned is that judgment was taken against Piercy in the proceeding upon *scire facias*, without calling him and having his default entered of record.

In Crabtree et al. v. Green et al., 36 Ill. 278, it is said: "There is no rule of practice better or more firmly settled than

that it is error to assess damages or render final judgment without an issue, or upon a default. When a defendant fails to plead according to the rules of practice, the plaintiff may take a default and have his damages assessed and a final judgment rendered. Until a defendant fails to plead and a default is entered, he has the right to interpose a defense, and the court can not judicially know that he does not intend to make a defense. The object of defaulting a defendant is to ascertain whether he has a defense, and if he fails to defend the action the default is entered, and until it is set aside he is precluded from pleading, and is considered as confessing the cause of action."

For this error the judgment must be reversed and the cause remanded.

Judgment reversed.