SCHOLL ET AL. *v.* STATE OF INDIANA.

[No. 13,898.   Filed February 27, 1930.   Rehearing denied May 15, 1930.]

*Laurent A. Douglass,* for. appellant.

*James M. Ogden,* Attorney-General, and *Earl B. Stroup,* Deputy Attorney-General, for the State. .

ENLOE, J.—On March 15, 1929, three separate affidavits, each duly approved by the prosecuting attorney, were filed in the Clark Circuit Court. All were against the same party, one Neva Miller Moss, and in one she was charged with criminal libel, in another with criminal slander, and, in the third, with making false statements in an advertisement. She was arrested and gave bond to answer said charges. Later, upon motion of her attorney in that behalf, said affidavits were each, by the court, quashed. Upon the quashing of said affidavits, the court ordered the said defendant held under a bond in the sum of $500 for her appearance to answer any indictment that might be returned against her in said matter, and, to secure her release, the bond involved in this action was executed.

Thereafter, on May 21, 1929, the grand jury of Clark County returned an indictment against said defendant, charging her with a violation of §2954 Burns 1926, "making a false statement in advertising." On June 1, 1929, the court made and entered of record an order requiring said defendant "to be and

appear in said court at 9 o'clock a. m. of June 13, 1929."
The said defendant not appearing at the time fixed, on
motion of the prosecuting attorney, the said bond so
given as before noted was, by the court, declared for-
feited, and the clerk of the court was, by the court, or-
dered to give notice to the sureties on said bond, of such
forfeiture. The attorney for said defendant then offered
to file a motion to quash said indictment, but the court
rejected said offer. There was no error in this. If the
said indictment was subject to being quashed, still the
court had power, as had once herein been exercised, of
holding the defendant to answer a further indictment,
but this would avail nothing if the defendant could defeat
liability on the bond by staying out of the jurisdiction
of the court and having the indictment quashed.

On the convening of court in the afternoon of said day,
the sureties on said bond appeared with their attorney
and "moved the court" *to withhold declaring a
forfeiture* of said bond at that time, giving as a
reason therefor that the appearance of the defend-
ant at that time was prevented by her serious illness, at
her home in Washington, D. C., as shown by the state-
ment in that behalf by one Battle, whom the said parties
represented as being a physician in attendance upon said
defendant. The said motion was not verified, and the
said Battle did not, in the said certificate which they
attached to their said motion and presented to the court,
represent himself as being a practicing physician, even
to the extent of designating himself as such in his signa-
ture to said certificate. Also, as has been noted, the
court had already "declared a forfeiture" on said bond,
and the only matter left to the sureties was the matter of
presenting some legal reason why *judgment* should not be
entered against them, as sureties on said bond, the con-
dition thereof having been broken, or to make such a
showing as would appeal to the sound discretion of the

court, and thereby procure a delay in *entering judgment* against them, as for instance, by their making a showing that if given any reasonable time, they could and would produce their principal in court. No such showing was made, and the court did not err in rejecting the said motion.

When the bond was executed and the defendant released to the sureties, she was then in their custody; they were her "friendly jailors"; and the condition of their bond was that she should be in court when called. The authorities all look one way, so far as we have been able to discover. They all hold that, in the absence of some statutory provision, sickness of the party principal is no excuse for not appearing. See *Piercy* v. *People* (1882), 10 Ill. App. 219; *Cain* v. *State* (1876), 55 Ala. 170; *State* v. *Crosby* (1896), 114 Ala. 11, 22 So. 110; *Taylor* v. *Taintor* (1872), 16 Wall. (U. S.) 366, 21 L. Ed. 287; *Devine* v. *State* (1858), 5 Sneed (Tenn.) 623. In the Piercy case, *supra*, it was said: "Nothing but the death of the principal is such an act of God, as will discharge the sureties under the law."

The matter of *delay* as presented to the lower court in this case was a matter which simply appealed to the discretion of the court, and, upon the showing made, we cannot say that the court abused its discretion. The rules of law governing these matters, as to the liability of sureties upon bonds of the character herein involved, are harsh, and necessarily so on grounds of public policy, but, in the absence of statutory authority, we cannot change them. We find no error. Affirmed.