

IN THE

# Court of Appeals of Indiana

Alice M. Flowers,

*Appellant-Bail Agent,*

v.

State of Indiana,

*Appellee-Plaintiff.*



FILED

Jan 28 2025, 9:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

January 28, 2025

Court of Appeals Case No.
24A-CR-1219

Appeal from the
Tippecanoe Superior Court

The Honorable
Michael S. Bergerson, Senior Judge

Trial Court Cause No.
79D02-2106-F4-26

**Opinion by Senior Judge Robb**
Judges Bailey and Bradford concur.

**Robb, Senior Judge.**

## Statement of the Case

[1]  Alice M. Flowers, the bail agent, appeals from the trial court's order to forfeit the surety bond posted for the defendant in this case. Flowers argues that because the trial court had previously ordered the bond revoked, it cannot now order the bond forfeited. We disagree and affirm.

## Facts and Procedural History

[2]  On June 29, 2021, Albert G. McCaleb was arrested on three counts and placed in the custody of the Tippecanoe County Jail. On July 13, Roche Surety and Casualty Company, Inc., posted a $15,000 surety bond for McCaleb and appointed Flowers as the bail agent.

[3]  On September 17, 2021, McCaleb appeared in person for a hearing in this case, at which time the trial court scheduled an additional hearing for December 17. McCaleb ultimately failed to appear for the December 17 hearing, and the trial court issued two orders: (1) an order revoking McCaleb's bond and directing the Clerk to issue a warrant for McCaleb's arrest, and (2) an order for Roche Surety and Flowers to produce McCaleb. McCaleb never appeared.

[4] Over two years later, on March 25, 2024, the State filed a motion for bond forfeiture, which the trial court set for a hearing on April 29. In response, Flowers filed a motion to quash the State's motion. Following the April 29 hearing, the trial court issued an order to forfeit the surety bond. This appeal ensued.

## Discussion and Decision

[5] Flowers appeals from the trial court's order to forfeit the surety bond. We begin by noting that Flowers is pro se. "A litigant is not given special consideration by virtue of [her] pro se status." *Kelley v. State*, 166 N.E.3d 936, 937 (Ind. Ct. App. 2021). "It is well settled that pro se litigants are held to the same legal standards as licensed attorneys." *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016), *reh'g denied*. Specifically, "pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so."[1] *Id.* at 983-84.

[6] Current Indiana case law does not set forth a standard of review for a ruling on a bond forfeiture motion. However, a ruling on the similar "motion for release from a bail bond" is reviewable for an abuse of discretion. *O'Connor v. State*, 173 N.E.3d 719, 721 (Ind. Ct. App. 2021); *Amwest Surety Ins. Co. v. State*, 750

---

[1] With these well-settled principles in mind, we note that Flowers did not initially request a transcript of the April 29 hearing. Thus, we do not have a transcript to review. However, a close examination of the parties' briefs and appendices, as well as the bond forfeiture statute, leads us to conclude that a transcript is not necessary to decide the merits of this case.

N.E.2d 865, 867 (Ind. Ct. App. 2001). And this Court has long held that another similar motion to "withhold declaring a forfeiture" of a bond is reviewed for an abuse of discretion. *Scholl v. State*, 170 N.E. 343, 344 (Ind. App. 1930). For clarity, today we formally adopt the abuse of discretion standard of review for a ruling on a bond forfeiture motion. "An abuse of discretion occurs only when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *O'Connor*, 173 N.E.3d at 721.

[7] Indiana Code section 27-10-2-12 (2013) outlines the procedure for a bond forfeiture. If a defendant does not appear, the trial court shall issue (1) a warrant for the defendant's arrest and (2) an order for the bail agent and the surety to surrender the defendant. Ind. Code § 27-10-2-12(a)(1). Then, the clerk shall mail notice of the order to the bail agent and the surety within thirty days of the defendant's failure to appear. Ind. Code § 27-10-2-12(a)(2).

[8] Notably, this subsection has no bearing on the trial court's ability to revoke a bond. Ind. Code § 27-10-2-12(a). Stated another way, bond revocation and bond forfeiture are separate actions and operate independently of one another. One purpose of a bail bond is to ensure the defendant's appearance at legal proceedings. Ind. Code § 35-33-8-1 (1996). Bond revocation is the process of terminating the defendant's conditional release and compelling him to reappear in court in person because he has violated conditions of his release while out on bond. Ind. Code § 35-33-8-5(d) (2017). In other words, bond revocation is the surrender of the defendant's *person*. On the other hand, bond forfeiture is the

surrender of the *funds* posted to represent the defendant's promise to return for proceedings in his case. *See* Ind. Code § 27-10-2-12.

[9] On September 17, McCaleb, no longer in custody, appeared in person for a hearing and was given notice of a subsequent hearing on December 17. When McCaleb failed to appear for the December 17 hearing, the trial court revoked his bond, issued a warrant for his arrest, and ordered Flowers and Roche Surety to produce him pursuant to Subsection 27-10-2-12 (a)(1). On December 23, notice was sent to Flowers and Roche Surety as required by Subsection 27-10-2-12(a)(2). These actions triggered the next subsection of the statute:

> (b) The bail agent or surety must:
>
> (1) produce the defendant; or
>
> (2) prove within three hundred sixty-five (365) days:
>
>> (A) that the appearance of the defendant was prevented:
>>
>>> (i) by the defendant's illness or death;
>>>
>>> (ii) because the defendant was at the scheduled time of appearance or currently is in the custody of the United States, a state, or a political subdivision of the United States or a state;
>>>
>>> (iii) because the required notice was not given; or
>>>
>>> (iv) because authorities have refused to extradite the defendant, by a preponderance of the evidence; and

(B) the defendant's absence was not with the consent or connivance of the sureties.

Ind. Code § 27-10-2-12(b).

[10] In response, Flowers neither produced McCaleb nor made any proof to the trial court of her efforts to locate him within 365 days. Instead, her first action in this case was to file a motion to quash the State's motion for bond forfeiture, which was filed over two years later. Flowers argued, "The State of Indiana has no authority to forfeit a bond that has been previously revoked two years prior." Appellee's App. Vol. 2, p. 27 (emphasis omitted). But she made no mention of any efforts to locate McCaleb or to produce him as required by the statute.

[11] Following the hearing on the State's motion for bond forfeiture, the trial court issued an order to forfeit the surety bond, finding in relevant part, "[Flowers] failed to produce [McCaleb]" and "failed to present evidence that demonstrates [she] made diligent efforts to locate [McCaleb]."[2] Appellee's App. Vol. 2, p. 44.

[12] We cannot say the trial court abused its discretion. Under the statute, Flowers had only 365 days to justify McCaleb's absence. *See* Ind. Code § 27-10-2-

---

[2] The trial court correctly entered judgment against Flowers in the sum of $15,000, which is the total face value of the bond. Under subsection (c)(5), if the bail agent does not comply with subsection (b) within 365 days of the mailing of the notice, she is assessed a late surrender fee totaling eighty percent of the bond's face value. Ind. Code § 27-10-2-12. And under subsection (d), if the bail agent does not comply with subsection (b) within 365 days of the mailing of the notice, the court automatically declares a forfeiture totaling twenty percent of the bond's face value. Ind. Code § 27-10-2-12. Thus, the final judgment consists of the late surrender fee and the forfeited portion of the bond, and equals the total face value of the bond.

12(b)(2). A close examination of the record reveals that in the 365 days following the mailing of the notice, Flowers did not prove McCaleb's appearance was prevented, nor did she prove his absence was without her consent. In fact, the only docket entries made between the December 2021 warrant and order and the March 2024 motion for bond forfeiture concerned the trial court's (1) cancellation of a previously scheduled jury trial and (2) withdrawal of McCaleb's counsel. As Flowers concedes in her brief, there was "[n]o activity in this case for[,] nearly, two years." Appellant's Br., p. 8 (emphasis omitted). Flowers had a duty to speak of McCaleb's whereabouts, but she remained silent, even long after the 365-day period had elapsed. Any justification made following the 365-day period is irrelevant, and the bond is subject to forfeiture.

[13] On appeal, Flowers attempts to justify her delayed action by arguing that because the trial court had previously ordered the bond revoked, it cannot now order the bond forfeited. We disagree. A bond forfeiture proceeding is unaffected by and operates independently of bond revocation. *See* Ind. Code § 27-10-2-12(a). As such, a prior bond revocation does not preclude a trial court from later entering judgment for bond forfeiture.

## Conclusion

[14] The trial court's decision to order the bond forfeited is not against the logic and effect of the facts and circumstances. The trial court did not abuse its discretion, and the bond forfeiture should be upheld.

Affirmed.

Bailey, J., and Bradford, J., concur.

APPELLANT PRO SE
Alice M. Flowers
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Theodore E. Rokita
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana